UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, a single person, ERIC KELLER, a single person, and ISABEL LINDSEY and CHARLES LINDSEY, a married couple,<br><br>Plaintiffs,<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES – WASHINGTON, a non-profit Washington corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; Dr. JASON DREYER, D.O., and JANE DOE DREYER, husband and wife and the marital community thereof; Dr. DANIEL ELSKENS, D.O., and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof,<br><br>Defendants. | Case No.<br><br>**PROVIDENCE HEALTH & SERVICES – WASHINGTON'S NOTICE OF REMOVAL (CLASS ACTION FAIRNESS ACT)**<br><br>King County Superior Court Case No. 22-2-07171-1 SEA |

TO: CLERK OF COURT

AND TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

Defendant Providence Health & Services – Washington ("Providence"), hereby gives notice that it is removing the above-captioned cause, originally filed in the Superior Court for King County, Cause No. 22-2-07171-1 SEA, to the United States District Court for the Western District of Washington. Providence removes the case pursuant to 28 U.S.C. §§ 1332, 1441,

NOTICE OF REMOVAL
(Case No. _____) - 1

1446, and 1453 on the grounds set forth below.

1. On May 31, 2022, Plaintiffs, acting individually and on behalf of a purported class of persons they seek to represent, served the Complaint and Summons on Providence's registered agent, CT Corporation System. Pursuant to 28 U.S.C. § 1446(a), a copy of the proof of service and Summons and Complaint is attached as Exhibit A. The documents that comprise Exhibit A constitute all process, pleadings, and orders served upon Providence. *See* 28 U.S.C. § 1446(a).

2. Removal of this action is therefore timely because Providence filed this Notice of Removal within 30 days after the service of the Summons and Complaint. *See* U.S.C. § 1446(b); Fed. R. Civ. P. 6(a); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48, 354-56 (1999) ("[W]e hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service.").

3. The removal of this action terminates all proceedings in King County Superior Court. *See id.*

4. Providence removes this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and 28 U.S.C. § 1453, on the basis that (a) this action is a proposed "class action" as defined in 28 U.S.C. § 1332(d)(1)(B); (b) at least one member of the proposed class is a citizen of a state different than Defendants; (c) the number of members of the proposed class is not less than 100; and (d) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

**Proposed Class Action**

5. Plaintiffs bring this case as a proposed class action, Compl. ¶¶ 1.14-1.16, (Ex. A), and they appear to seek certification of the putative class under Washington Rules of Civil Procedure 23(a) and (b)(3) (*id.* ¶¶ 2.5). Therefore, this action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), defined as "any civil action filed under Rule 23 of the Federal Rules

NOTICE OF REMOVAL
(Case No. _____) - 2

of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more representative person as a class action."

### Minimal Diversity

6. Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." Such diversity exists among the parties here.

7. As alleged in the Complaint, Plaintiffs Caroline Angulo, Isabel Lindsey, and Charles Lindsey are residents of Washington, Compl. ¶¶ 2.2, 2.4, and Plaintiff Eric Keller is a resident of Union County, Oregon. *Id*. ¶¶ 2.3.

8. Plaintiffs seek to represent the following three classes:

> All patients whose treatments informed the basis of the settlement between PROVIDENCE and DOJ (quantified for settlement purposes as $22,690,458, with $10,459,388 designated as restitution for settlement purposes), who, by definition, suffered special and/or general damages from medical procedures that were medically unnecessary or otherwise improper for said treatments. . . .

> All patients who suffered damages as a result of medical procedures at PROVIDENCE, performed by Dr. JASON A. DREYER, DO and/or Dr. DANIEL ELSKENS, DO that were medically unnecessary or otherwise improper but whose treatments were not included in the settlement either because DOJ offered to settle for less than full restitution or because their treatment was paid for by private health insurers such as Regence Blue Shield, or was paid privately, for treatments during the relevant time periods. . . .

> All patients who suffered damages as a result of medical procedures at MULTICARE performed by Dr. JASON A. DREYER, DO that were medically unnecessary or otherwise improper but whose treatments were not included in the restitution settlement because DOJ sought reimbursement for payments to PROVIDENCE only, for treatments during the relevant time periods.

*Id*. ¶¶ 6.2.1–6.2.3.

9. Defendant Providence is a Washington nonprofit corporation with its primary place of business located in Renton, Washington (as Plaintiffs acknowledge at Complaint ¶ 2.9)

NOTICE OF REMOVAL
(Case No. _____) - 3

1  with its principal offices in Washington.[1]  Plaintiff allege that Defendants Dr. Jason A. Dreyer
2  and Dr. Daniel Elskens are citizens of Washington.
3     10.    Accordingly, minimal diversity exists between (i) Plaintiffs and the putative
4  classes they seek to represent and (ii) Defendants, thereby satisfying the requirement of minimal
5  diversity under 28 U.S.C. § 1332(d)(2)(A).

### The Putative Class Numbers Not Less than 100

7     11.    The number of members of the class that Plaintiffs propose is not less than 100
8  persons.  *See* 28 U.S.C. § 1332(d)(5)(B).  Plaintiffs allege that there are "hundreds" of putative
9  class members based on purported estimates from the Department of Justice.  Compl. ¶¶ 1.10,
10 4.34, 6.3, 6.4.2, 6.5, 6.5.1.

### The Amount in Controversy Is Over $5,000,000

12    12.    "In any class action, the claims of the individual class members shall be
13 aggregated to determine whether the matter in controversy exceeds the sum or value of
14 $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).  This is an "action in which
15 the matter of controversy exceeds the sum or value of $5,000,000."  *Id*. § 1332(d)(2).
16    13.    "The district court may consider whether it is 'facially apparent' from the
17 complaint that the jurisdictional amount is in controversy."  *Singer v. State Farm Mut. Auto. Ins.*
18 *Co.*, 116 F.3d 373, 377 (9th Cir. 1997).  Plaintiffs allege the "cost of surgeries" is "estimated on
19 average to be over $100,000.00 per patient" for the "hundreds" of putative class members and
20 "[t]he subject loss has been at least $10,459,388."  Compl. ¶ 6.4.  Plaintiffs also seek "a
21 forfeiture money judgment [against Defendants] in the amount of no less than $22,690,458."  *Id*.

---

[1] Defendant Providence asks the Court to take judicial notice of Exhibit B.  Defendants' entity status on file with, and publicly available from, the Washington Secretary of State "is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2); *see also Ham v. Cont'l Ins. Co.*, 2008 WL 4287563, at *2 (N.D. Cal. Sept. 17, 2008) (granting request for judicial notice of articles of incorporation in removal context); *Hester v. NDEX W. LLC*, 2016 WL 7167898, at *3 n.2 (C.D. Cal. Dec. 7, 2016) (taking judicial notice of articles of incorporation when considering notice of removal).

NOTICE OF REMOVAL
(Case No. _____) - 4

¶¶ 22.14; 7.30.

14. Plaintiffs also seek "treble damages; a civil penalty of $250,000; . . . and forfeiture as set forth in RCW 9A.82.100(2), (3) and (4), and (4)(f); . . . and costs and investigative and attorneys' fees as authorized by RCW 9A.82.100(1)(a)." *Id*. ¶ 7.30. The Court may also consider these types of alleged damages, aggregated on a class-wide basis, when conducting the amount-in-controversy calculation. *See Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n.3 (9th Cir. 2000) (state law claims authorizing treble damages and attorney fees may be taken into account when determining the amount in controversy for federal diversity jurisdiction) (citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1156 (9th Cir. 1998); *Davenport v. Mut. Benefit Health & Accident Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963)).

15. In sum, the alleged aggregated damages, fees, and costs Plaintiffs seek surpass CAFA's $5,000,000 amount-in-controversy requirement.

### Removal Is Proper

16. Pursuant to 28 U.S.C. § 1453, a suit over which a district court would have original jurisdiction under CAFA may be removed to federal court from state court, as provided by 28 U.S.C. §§ 1441(a) and 1446(a). Because this Court could have asserted original jurisdiction over this case, Providence is entitled to remove the present action to the Court.

17. King County Superior Court lies within the Western District of Washington. Accordingly, removal to this district is proper. *See* 28 U.S.C. § 1441(a).

18. Pursuant to 28 U.S.C. § 1446, written notice of the filing of this Notice of Removal and the removal of the state court action will be served on Plaintiffs through their counsel of record. A copy of this Notice of Removal is being filed promptly with the Clerk of the King County Superior Court, as required by 28 U.S.C. § 1446(d). Providence attaches, as Exhibit C, a copy of the notice to be filed with the state court.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Providence's right to assert any defense. Providence reserves the right to assert all applicable claims and defenses in response to the Complaint.

**LCR 101(b) Requirements Are Met**

20. In accordance with Local Civil Rule 101(b), Providence has filed, along with this Notice of Removal, the following:

    a. a copy of the operative complaint, attached as a separate attachment in the electronic filing system and labeled as "Complaint";

    b. a certificate of service which lists all counsel and pro se parties who have appeared in this action with their available contact information, including email addresses; and

    c. a completed Civil Cover Sheet.

21. No Jury Demand has been filed in this action in the state court.

WHEREFORE, the above-entitled action is removed from the King County Superior Court to the United States District Court for the Western District of Washington.

DATED this 30th day of June, 2022.

    DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Providence Health & Services – Washington

By *s/ Kenneth E. Payson*
    Kenneth E. Payson, WSBA #26369

By *s/ Ross Siler*
    Ross Siler, WSBA #46486

By *s/ Jordan Harris*
    Jordan Harris, WSBA #55499

920 Fifth Ave., Suite 3300
Seattle, Washington 98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email: kenpayson@dwt.com
Email: ross.siler@dwt.com
Email: jordanharris@dwt.com

NOTICE OF REMOVAL
(Case No. _____) - 6

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Providence Health & Services – Washington

By *s/ Jennifer K. Oetter*
    Jennifer K. Oetter, WSBA #26140
    888 SW Fifth Ave., Suite 900
    Portland, Oregon 97204-2025
    Telephone: (971) 712-2800
    Fax: (971) 712-2801
    Email: jennifer.oetter@lewisbrisbois.com

NOTICE OF REMOVAL
(Case No. _____) - 7

**CERTIFICATE OF SERVICE**

I certify that on this day I caused the document to which this certificate is attached to be delivered to the following via email and U.S. Mail, postage prepaid:

William A. Gilbert
Ashley A. Richards
Beth Bollinger
Gilbert Law Firm, P.S.
421 W. Riverside Ave, Suite 353
Spokane, WA  99201
Email:  bill@wagilbert.com

Terrance G. Reed
Lankford & Reed, PLLC
120 North St Asaph Street
Alexandria, VA  22314
Email:  tgreed@lrfirm.net
*Pro Hac Vice*

*Attorneys for Plaintiffs*

Ryan M. Beaudoin
Matthew W. Daley
Steven J. Dixson
Witherspoon Kelley
422 West Riverside Ave., Suite1100
Spokane, WA  99201-0302
Email:   RMB@witherspoonkelley.com
            SJD@witherspoonkelley.com
            MWD@witherspoonkelley.com

*Attorneys for Defendants Dr. Jason A. Dreyer, DO and Jane Doe Dreyer*

Stephen M. Lamberson
Ronald A. Van Wert
Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C.
618 W. Riverside Ave., Suite 210
Spokane, WA  99201
Email:  lambo74@ettermcmahon.com
            rvw@ettermcmahon.com

*Attorneys for Defendants Dr. Daniel Elskens, DO and Jane Doe Elskens*

NOTICE OF REMOVAL
(Case No. _____) - 8

DATED this 30th day of June, 2022.

> Davis Wright Tremaine LLP
> Attorneys for Defendant Providence Health & Services – Washington
> By *s/ Kenneth E. Payson*
>     Kenneth E. Payson, WSBA #26369

NOTICE OF REMOVAL
(Case No. _____) - 9