The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROLINE ANGULO, *et al.*,

                                Plaintiffs,

        v.

PROVIDENCE HEALTH & SERVICES – WASHINGTON, a non-profit Washington corporation, also d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the martial community thereof; DR. DANIEL ELSKENS, DO, and JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1-10, and any marital communities thereof,

                                Defendants.

No. 2:22-cv-00915-JLR

DEFENDANT PROVIDENCE HEALTH & SERVICES – WASHINGTON'S MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS

NOTED ON MOTION CALENDAR: January 9, 2025

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1

**TABLE OF CONTENTS**

2
**Page**

3    I.     INTRODUCTION ..................................................................................... 1

4    II.    FACTS ..................................................................................................... 3

5           A.     The Court Struck Plaintiffs' Class Allegations Focused on Medically
6                  Unnecessary Surgeries and Struck Plaintiffs' Fourth Amended Complaint........ 3

7           B.     Plaintiffs' Fifth Amended Complaint Continues to Focus on Allegations
                   Concerning Medically Unnecessary Surgeries. ..................................... 5

8
     III.   LEGAL STANDARDS ............................................................................. 9
9
     IV.    ARGUMENT ........................................................................................... 9
10
            A.     RCW Chapter 7.70 Bars All of Plaintiffs' Causes of Action Except for
11                 Medical Negligence. ................................................................... 9

12          B.     Plaintiffs Fail to Allege Fraud with Sufficient Particularity............................ 11

13          C.     The Court Should Strike Plaintiffs' Class Allegations as Their New Class
14                 Definitions Are Impermissibly Overbroad. ........................................ 13

15          D.     The Court Should Conclude that Plaintiffs Cannot Satisfy Rule 23(a)(4)'s
                   Adequacy Requirement While Represented by Current Counsel........................ 16
16
            E.     Individual Issues of Standing, Causation, Injury, and Damages Will
17                 Predominate over Any Common Issues. ............................................ 18

18          F.     This Action Should Proceed on the Individual Medical Negligence Claims
19                 of Only the Named Plaintiffs. ...................................................... 21

20   V.     CONCLUSION....................................................................................... 22

21

22

23

24

25

26

27

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - i

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*Arthur v. Sallie Mae, Inc.*,
2012 WL 90101 (W.D. Wash. Jan. 10, 2012)...........................................................16

*Barrett v. Johnson*,
2024 WL 1998508 (E.D. Wash. May 6, 2024) .......................................................10

*Black Lives Matter L.A. v. City of L.A.*,
113 F.4th 1249 (9th Cir. 2024) ...............................................................2, 14, 20

*Booth v. Appstack, Inc.*,
2015 WL 1466247 (W.D. Wash. Mar. 30, 2015) ..................................................13

*Capstick v. Bank of N.Y. Mellon*,
2023 WL 5277685 (W.D. Wash. Aug. 16, 2023) ....................................................9

*Cashatt v. Ford Motor Co.*,
2020 WL 1987077 (W.D. Wash. Apr. 27, 2020).................................9, 13, 14, 21

*Chodos v. W. Publ'g Co.*,
292 F.3d 992 (9th Cir. 2002) ...............................................................................22

*Cordoba v. DIRECTV, LLC*,
942 F.3d 1259 (11th Cir. 2019) ...........................................................................19

*Dennis F. v. Aetna Life Ins.*,
2013 WL 5377144 (N.D. Cal. Sept. 25, 2013) ....................................................15

*Gbarabe v. Chevron Corp.*,
2017 WL 956628 (N.D. Cal. Mar. 13, 2017).......................................................17

*Gomez v. St. Vincent Health, Inc.*,
649 F.3d 583 (7th Cir. 2011) ..........................................................................16, 17

*Green-Cooper v. Brinker Int'l, Inc.*,
73 F.4th 883 (11th Cir. 2023) ..............................................................................19

*J.R. ex rel. Ju.R. v. Blue Cross & Blue Shield of Ill.*,
2019 WL 11901651 (W.D. Wash. Nov. 25, 2019)...............................................16

*Kauhi v. Countrywide Home Loans Inc.*,
2009 WL 3169150 (W.D. Wash. Sept. 29, 2009)............................................11, 12

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - ii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ........................................................1, 11

*Mazza v. Am. Honda Motor Co.*,
  666 F.3d 581 (9th Cir. 2012) ......................................................13, 14

*Moon v. Cnty. of Orange*,
  2020 WL 2332164 (C.D. Cal. Mar. 18, 2020) .................................21

*Nygard v. Mortg. Elec. Registration Sys., Inc.*,
  2015 WL 5730428 (W.D. Wash. Sept. 30, 2015) ...........................12

*Olean Wholesale Grocery Coop. Inc. v. Bumble Bee Foods LLC*,
  31 F.4th 651 (9th Cir. 2022) ...................................4, 13, 14, 20

*Pepka v. Kohl's Dep't Stores, Inc.*,
  2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .................................21

*Post v. Amerisourcebergen Corp.*,
  2023 WL 5602084 (N.D. W.Va. Aug. 29, 2023)...............................15

*Rogers v. Wash. Dep't of Corrs.*,
  2024 WL 3072042 (W.D. Wash. Feb. 29, 2024) ..............................10

*Ruiz Torres v. Mercer Canyons Inc.*,
  835 F.3d 1125 (9th Cir. 2016) ......................................................14

*Sanders v. Apple Inc.*,
  672 F. Supp. 2d 978 (N.D. Cal. Jan. 21, 2009)...............................21

*Sweet v. Pfizer*,
  232 F.R.D. 360 (C.D. Cal. 2005) ..................................................16

*Tietsworth v. Sears*,
  720 F. Supp. 2d 1123 (N.D. Cal. 2010) .........................................20

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021)........................................................................19

*United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011) .......................................................11

*Walter v. Palisades Collection, LLC*,
  2010 WL 308978 (E.D. Pa. Jan. 26, 2010) .....................................17

*Wizards of the Coast LLC v. Cryptozoic Entm't LLC*,
  309 F.R.D. 645 (W.D. Wash. 2015) ...............................................22

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - iii

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**State Cases**

*Behr v. Anderson*,
    18 Wn. App. 2d 341 (2021) ...................................................................................... 19

*Branom v. State*,
    94 Wn. App. 964 (1999) ..................................................................................... 1, 10, 11

*Fast v. Kennewick Pub. Hosp. Dist.*,
    187 Wn.2d 27 (2016) ................................................................................................. 10

*Reagan v. Newton*,
    7 Wn. App. 2d 781 (2019) ......................................................................................... 11

*Wright v. Jeckle*,
    104 Wn. App. 478 (2001) ..................................................................................... 10, 11

**Federal Statutes**

18 U.S.C. §§ 1961-1968 .................................................................................................. 12

28 U.S.C. § 1332(d) ......................................................................................................... 3

28 U.S.C. § 1453 ............................................................................................................... 3

**State Statutes**

RCW ch. 7.70 .......................................................................................................... *passim*

RCW 7.70.010 ................................................................................................................. 10

RCW 7.70.020(1) & (3) .................................................................................................. 11

RCW 48.80.030 ................................................................................................................. 8

**Rules**

Fed. R. Civ. P. 9(b) .................................................................................................. 1, 11, 12

Fed. R. Civ. P. 12(b)(6) .................................................................................................. 9

Fed. R. Civ. P. 23(a) ............................................................................................... 4, 16, 18

Fed. R. Civ. P. 23(b)(3) ........................................................................................... *passim*

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

# I.    INTRODUCTION

As the Court recognized in its October 31, 2024 order striking Plaintiffs' Fourth Amended Complaint, Plaintiffs' counsel's "fixation on pursuing complex medical malpractice claims through the vehicle of a class action risks doing serious harm to the interests of individual Plaintiffs who may have valid claims." Dkt. 223 at 10. This fixation continues with Plaintiffs' 122-page Fifth Amended Complaint (Dkt. 224, "FAC"), in which Plaintiffs define their proposed classes to include every former surgery patient of Drs. Jason Dreyer and Daniel Elskens at Providence or MultiCare, despite the overriding individual issues associated with each patient's care and condition, whether these thousands of patients underwent a medically unnecessary or improper surgery, or whether they were even injured. Defendant Providence Health & Services – Washington ("Providence") asks the Court to dismiss Plaintiffs' claims and strike their class allegations in three primary respects.

**First,** the Court should dismiss all claims other than Plaintiffs' medical negligence claims under RCW ch. 7.70. Plaintiffs base each of their claims on injuries they allegedly suffered as a result of surgeries they underwent with Drs. Dreyer or Elskens. *See* FAC ¶¶ 4.4, 4.6 (claiming "every surgery conducted resulted in damage" and "the lives of every surgery patient … have been permanently altered"). RCW 7.70 "sweeps broadly" and provides the exclusive cause of action for damages for injuries occurring as a result of health care "regardless of how the action is characterized." *Branom v. State*, 94 Wn. App. 964, 968-69 (1999). The Court accordingly should dismiss Plaintiffs' claims other than for medical negligence.

**Second**, Plaintiffs' failure to plead the "fraud perpetrated on Defendants' surgical patients" with the requisite particularity provides additional grounds to dismiss their claims other than for medical negligence under RCW 7.70. FAC ¶ 1.2. Plaintiffs allege a "unified course of fraudulent conduct" underlying each of their claims, meaning that the FAC "must satisfy the particularity requirement of Rule 9(b)." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiffs do not satisfy this standard.

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1    ***Third,*** the Court should strike Plaintiffs' class allegations given their impermissibly

2    overbroad proposed classes, counsel's inadequacy as evidenced by their litigation conduct to

3    date, and in recognition of the predominating individual issues concerning standing, injury,

4    causation, and damages.  The Court previously emphasized the individual inquiries evident in

5    this action given that patients "presented to [Drs. Dreyer and Elskens] with a wide range of

6    medical issues and were subjected to a variety of surgeries and treatments" and the necessarily

7    "individualized analysis of medical necessity."  Dkt. 184 at 29-31.  Those concerns have only

8    multiplied as Plaintiffs have expanded their classes to include every former surgery patient of

9    Drs. Dreyer and Elskens while acknowledging that not every patient underwent a medically

10   unnecessary surgery or even suffered physical injury.  Striking class allegations is appropriate

11   when liability as to any particular patient will turn on individualized proof and Plaintiffs will be

12   unable to satisfy Rule 23(b)(3)'s "difficult" predominance requirement.  *Black Lives Matter L.A.*

13   *v. City of L.A.*, 113 F.4th 1249, 1258 (9th Cir. 2024).

14   Two-and-a-half years into this action, Plaintiffs have not focused their proposed classes,

15   allegations, or claims.  Their response to the Court's order striking the Fourth Amended

16   Complaint and emphasizing the limited scope of amendment permitted was to add 50 pages of

17   allegations to their Third Amended Complaint, replead every one of their prior claims (including

18   what the Court previously noted were not "stand-alone causes of action," *see* Dkt. 184 at 9 n.4),

19   and expand their class definitions so broadly as to include individuals with no claim for relief.

20   Plaintiffs twice have had the opportunity to amend their complaint, and further attempts to

21   redefine their classes would be futile.  This case should proceed only on the individual medical

22   negligence claims of the named Plaintiffs.  Providence asks the Court to dismiss Plaintiffs'

23   claims and strike class allegations as described below.

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## II.    FACTS

### A.    The Court Struck Plaintiffs' Class Allegations Focused on Medically Unnecessary Surgeries and Struck Plaintiffs' Fourth Amended Complaint.

This case arose following the April 2022 announcement of Providence's settlement with the Department of Justice and Washington Attorney General's Office to resolve a *qui tam* investigation concerning alleged medically unnecessary surgeries performed by Drs. Dreyer and Elskens and the related submission of alleged false claims to government health care programs. FAC ¶ 1.12.  Providence denied liability in the settlement agreement and has explained that it did not compile any list of patients who underwent allegedly medically unnecessary surgeries as part of the settlement, nor did the government provide any such list to Providence.  FAC ¶ 1.20 & Ex. 2 § J (Dkt. 224-2); Dkt. 136 at 4, 14; Dkt. 137 ¶¶ 4-5.[1]  Plaintiffs filed their initial Complaint in King County Superior Court (subsequently removed to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) and 28 U.S.C. § 1453) in May 2022, Dkt. 1, and defined their proposed classes through their Third Amended Complaint in terms of patients who suffered alleged injury or damages from surgeries with Drs. Dreyer or Elskens that were "medically unnecessary or otherwise improper."  *See* Dkt. 129 ¶¶ 6.2.1-6.2.3.  This included a proposed class of MultiCare patients of Dr. Dreyer, even though MultiCare is not a defendant.  *Id.* ¶ 6.2.3.

After Plaintiffs moved for class certification in conjunction with filing their Third Amended Complaint (Dkt. 118 & 132), Providence cross-moved to strike class allegations (Dkt. 136).  In an August 9, 2024 order, the Court denied certification and granted Providence's motion to strike, concluding that Plaintiffs had proposed improper fail-safe classes.  Dkt. 184 at 16 ("Thus, to determine the membership of Plaintiffs' proposed classes, the court must determine whether each patient was subjected to a 'medically unnecessary or otherwise improper' medical procedure that caused the patient to 'suffer damages.'  As a result, the class definitions run afoul

---

[1] Providence disputes Plaintiffs' suggestion that Providence has acknowledged that all surgeries performed by Drs. Dreyer or Elskens are "at issue" or questionable.  FAC ¶¶ 5.4, 6.2.  In response to Plaintiffs' previous allegations about a supposed "pattern and practice" of medically unnecessary surgeries by the surgeons, Providence stated that *Plaintiffs* were "potentially calling into question—and therefore putting at issue—all surgeries performed by these doctors."  Dkt. 42 at 7.  In the next sentence, though, Providence denied that Drs. Dreyer or Elskens performed inappropriate surgeries.  *Id.*

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    of *Olean*'s[2] prohibition against creating 'a 'fail-safe' class that is defined to include only those

2    individuals who were injured by the allegedly unlawful conduct.'").

3        While the Court granted Plaintiffs leave to amend their complaint "to allege, if possible,

4    proposed class definitions that are not fail safe," the Court went on to "provide Plaintiffs

5    guidance" in redefining their proposed classes. *Id.* at 16-17.  The Court expressed that Plaintiffs

6    in seeking certification had failed to establish any of the Rule 23(a) requirements or Rule 23(b)'s

7    predominance requirement.  *Id.* at 17-31.  Plaintiffs failed to "set forth the elements of each of

8    their causes of action, let alone demonstrate that those elements are capable of being established

9    through class-wide proof."  *Id.* at 26.  And in particular the Court noted that Plaintiffs could not

10    satisfy the predominance requirement given the individualized issues associated with any

11    patient's medical care and the appropriateness of any surgery they underwent.  *Id.* at 29 ("These

12    inquiries are necessarily individualized because patients presented to [Drs. Dreyer and Elskens]

13    with a wide range of medical issues and were subjected to a variety of surgeries and

14    treatments."); *see also id.* at 31 ("Plaintiffs have not shown that causation can be resolved with

15    class-wide proof, and class membership requires an individualized analysis of medical

16    necessity.").

17        Plaintiffs responded by filing a 173-page Fourth Amended Complaint that named

18    approximately 130 new plaintiffs (providing only the state and county of residence for these

19    plaintiffs and no specific facts regarding their individual care) and expanded their proposed

20    classes to include every former Dr. Dreyer/Elskens surgery patient at Providence or MultiCare.

21    Dkt. 189.  In an October 31, 2024 order, the Court struck the Fourth Amended Complaint,

22    concluding that "[b]y adding 130 new Plaintiffs and hundreds of paragraphs to their fourth

23    amended complaint, Plaintiffs unquestionably 'exceeded the scope of leave to amend that the

24    court granted.'"  Dkt. 223 at 6 (quoting *Hover v. GMAC Mortg. Corp.*, 2017 WL 1080968, at *3

25    (W.D. Wash. Mar. 21, 2017)).  The Court further expressed that "[t]he addition of hundreds of

26    new allegations in the fourth amended complaint does not satisfy *Olean*'s requirement that

27

---

[2] *Olean Wholesale Grocery Coop. Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir. 2022).

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Plaintiffs 'actually prove—not simply plead' that their proposed classes satisfy Rule 23." *Id.* at 8 (quoting *Olean*, 31 F.4th at 664). And the Court emphasized its concern that Plaintiffs' counsel's "fixation on pursuing complex medical malpractice claims through the vehicle of a class action risks doing serious harm to the interests of individual Plaintiffs who may have valid claims." *Id.* at 10. The Court permitted Plaintiffs to file a Fifth Amended Complaint "that addresses *only* the deficiencies identified in the court's August 9, 2024 order" by November 15, 2024. *Id.* at 11 (emphasis in original).

### B. Plaintiffs' Fifth Amended Complaint Continues to Focus on Allegations Concerning Medically Unnecessary Surgeries.

While Plaintiffs' Fifth Amended Complaint does not add new plaintiffs from the Third Amended Complaint, it adds over 50 pages of substantive allegations. *Compare* Dkt. 129 (71-page Third Amended Complaint) *with* Dkt. 224 (122-page Fifth Amended Complaint). But Plaintiffs' allegations remain scattershot, referencing everything from Providence's June 2022 Walla Walla newspaper advertisement (FAC ¶¶ 1.26, 4.15, 4.53, 4.115, 4.150 & Ex. 4) to Dr. Dreyer's communications with Dr. Lee Sandquist (*id.* ¶¶ 1.23, 4.89) to MultiCare's hiring of Dr. Dreyer (*id.* ¶¶ 4.90-4.91) to the government's complaint in intervention against MultiCare (*id.* ¶¶ 1.2, 1.16). With the Fifth Amended Complaint, Plaintiffs expanded their proposed classes to include every former surgery patient of Drs. Dreyer or Elskens at Providence or MultiCare (as in their stricken Fourth Amended Complaint), potentially implicating the care of 2,225 patients. *Id.* ¶¶ 6.6-6.7. Their proposed classes are defined as:

1. "All surgical patients of [Drs. Dreyer or Elskens] who were subject to the RVU compensation scheme in connection with their treatment"—i.e., Providence's productivity-based compensation model. *Id.* ¶ 6.5.1.

2. "All surgical patients of Dr. Jason A. Dreyer, DO while he was employed in Spokane, Washington by MultiCare Health Systems, from May 3, 2019 through November 18, 2021." *Id.* ¶ 6.5.2.[3]

---

[3] Plaintiffs claim that Providence is liable to patients for whom Dr. Dreyer performed surgeries at MultiCare based on Providence's alleged failure to report Dr. Dreyer to the National Practitioner Data Bank or Washington

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 5

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Yet despite the breadth of their class definitions, Plaintiffs' allegations continue to focus

2    on whether patients underwent medically unnecessary surgeries with Drs. Dreyer or Elskens—

3    the subject of Providence's settlement with the government.  The seven former

4    Dr. Dreyer/Elskens patient plaintiffs—Caroline Angulo, Eric Keller, Eben Nesje, Kirk Summers,

5    Steven Bash (deceased), Raymond Sumerlin Jr., and Martin Whitney—all allege that they

6    suffered serious physical injuries as a result of claimed medically unnecessary surgeries.  *See id.*

7    ¶¶ 5.17.5, 5.17.6, 5.18.4, 5.18.5 (Angulo was hospitalized for over a month and "has never

8    recovered from this surgery"), ¶¶ 5.23.5, 5.23.6, 5.24.5, 5.24.6 (Keller suffered "permanent and

9    debilitating nerve damage" from which he "has never recovered, and never will recover"),

10   ¶¶ 5.29.4, 5.29.5 (Nesje "was unable to return to work" after August 2014 surgery "and he has

11   never recovered from the surgery"), ¶¶ 5.40.4, 5.40.5, 5.41.4, 5.41.5 (Summers' "pain has never

12   stopped and will remain for the rest of his life"), ¶¶ 5.55.4, 5.55.5, 5.56.4, 5.56.5, 5.57.4 (Bash

13   was in "consistent pain" and opioid-dependent after surgery), ¶¶ 5.68.8, 5.73, 5.75 (Sumerlin has

14   suffered "permanent and irreversible" physical injury, including "extreme neck pain, like a

15   vise"), ¶¶ 5.77.5, 5.77.6, 5.78.5, 5.78.6, 5.79.4, 5.79.5, 5.81 (Whitney is "primarily bedridden,"

16   "walks with a cane or uses a scooter," and "no longer engage[s] in any hobbies").

17   Further underscoring that this continues to be an action about alleged medically

18   unnecessary surgeries, Plaintiffs allege "medically unnecessary" or "unnecessary" surgeries 135

19   times[4] in the Fifth Amended Complaint.  These allegations include:

20   • "This case is about … a fraud played out through spine surgeries that were

21   medically unnecessary, overly complex, or otherwise improper conducted by

22   two neurosurgeons financially incentivized by Providence[.]"  *Id.* ¶ 1.2.

23

24   Department of Health following his resignation from Providence.  Had Providence reported Dr. Dreyer, Plaintiffs contend that he would have been "unhireable" by MultiCare.  FAC ¶ 5.63.

25   [4] *See* FAC ¶¶ 1.2, 1.6, 1.10, 1.12, 1.14-1.16, 1.19, 1.29, 1.33, 4.2-4.3, 4.5, 4.7, 4.13, 4.14, 4.16, 4.28, 4.29, 4.32,

26   4.44, 4.45, 4.47, 4.49, 4.53, 4.56, 4.58, 4.61, 4.62, 4.65.2, 4.65.4, 4.66, 4.97, 4.100, 4.102, 4.110, 4.113, 4.116, 4.118, 4.121, 4.139, 4.142, 4.144, 4.145, 4.152, 4.164, 4.174, 5.2, 5.4, 5.5, 5.7, 5.14, 5.15, 5.17.6, 5.18.5, 5.19, 5.20, 5.21, 5.23.6, 5.24.6, 5.25, 5.26, 5.27, 5.29.5, 5.30, 5.31, 5.36, 5.37, 5.38, 5.40.5, 5.41.5, 5.43, 5.48, 5.49, 5.50, 5.54,

27   5.55.5, 5.56.5, 5.57.4, 5.59, 5.60, 5.61, 5.62, 5.63, 5.66, 5.68.8, 5.73, 5.77.6, 5.78.6, 5.79.1, 5.79.5, 6.2, 6.8.2, 6.8.14, 6.8.20, 6.9, 6.11, 6.15, 7.5, 7.13.1, 7.18, 7.29, 8.7, 8.14, 11.2, 14.5, 15.3.

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 6

- "Medically unnecessary services include any surgical intervention that is either not needed, not indicated, or not in a patient's best interest when weighed against other available options[.]" *Id.* ¶ 4.2.

- "Upon information and belief, Providence and Dr. Dreyer submitted bills for reimbursement beginning in 2013 … for surgeries performed by Dr. Dreyer that were falsely designated as medically necessary or otherwise proper." *Id.* ¶ 4.28.

- "Dr. Yam believed that Providence took no proper action so it could continue to obtain the windfall of profit from Dr. Dreyer's medically unnecessary and otherwise improper surgeries." *Id.* ¶ 4.61.

- "It is a breach of the standard of care for a hospital such at [St. Mary] to provide medically unnecessary and/or overly complex surgeries, and certainly it is a breach to do so for the purpose of generating funds." *Id.* ¶ 4.139.

- "All of this points to a financial incentive system that was driving higher volumes of surgery at higher claim reimbursement levels that were resulting in medically unnecessary, overly complex, or otherwise improper spine surgeries." *Id.* ¶ 4.144.

- "Plaintiffs' experts have identified multiple patients, including all named Plaintiffs, as having undergone medically unnecessary or otherwise improper surgeries that fit the pattern, and are typical of, the pattern contained within the 2022 SA [Settlement Agreement][.]" *Id.* ¶ 5.14.

- "Plaintiffs were all victims of a scheme of Defendants involving similar medically unnecessary or otherwise improper procedures, all of which went unabated due to Defendants' actions, negligence, and concealment." *Id.* ¶ 6.11.

- "As a result of the failure to report, these surgeons continued to conduct unnecessary, improper, and defective procedures for profit while harming multiple patients[.]" *Id.* ¶ 8.7.

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 7

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    Whether Drs. Dreyer or Elskens performed medically unnecessary surgeries is the

2    predicate issue to Plaintiffs' claims in the Fifth Amended Complaint.  *See also id.* ¶ 7.5 (false

3    health care claims in violation of RCW 48.80.030 "fall at the center of this spectrum of"

4    Plaintiffs' criminal profiteering claim, citing RCW 48.80.030(2)'s prohibition that "[n]o person

5    shall knowingly present to a health care payer a claim for a health care payment that falsely

6    represents that the goods or services were medically necessary in accordance with professional

7    accepted standards"); *id.* ¶ 7.13 (claiming Defendants presented "hundreds" of claims that

8    "falsely represented that the goods or services were medically necessary").

9    However, Plaintiffs do not claim that every former surgery patient of Drs. Dreyer or

10   Elskens underwent a medically unnecessary surgery, even as they seek to certify classes

11   encompassing thousands of the surgeons' patients.  *See id.* ¶ 5.2 ("All surgery patients of [Drs.

12   Dreyer and Elskens] at Providence who were subject to the RVU compensation scheme … are

13   proposed Class Members, *whether or not they also were victims of an unnecessary or otherwise*

14   *improper surgery*.") (emphasis added); *see also id.* ¶ 5.63 (same for MultiCare patients).  While

15   Plaintiffs estimate that "potentially over 80 percent" of patients underwent medically

16   unnecessary surgeries, *id.* ¶ 4.148, they seemingly acknowledge that not every patient did so or

17   even suffered physical injury.  *See id.* ¶ 5.7 (alleging that "vast majority" of proposed class

18   members—but not all—underwent medically unnecessary surgeries); *see also id.* ¶ 5.6 ("All

19   surgery patients of [Drs. Dreyer and Elskens] at [St. Mary] suffered *violation of their person*

20   with the surgery incision as part of the fraudulent scheme," not that they were injured as a result

21   of an unnecessary surgery), ¶ 5.54 (suggesting that plaintiff Bash underwent at least one

22   appropriate surgery).

23   Plaintiffs ultimately claim that "[a]ll of these surgery patients of [Drs. Dreyer and

24   Elskens] suffered anxiety, emotional injury, economic damage, and physical damage as a result

25   of being subject to the fraudulent scheme of the Defendants," *id.* ¶ 5.6—i.e., some patients

26   suffered unspecified emotional injuries even in undergoing appropriate surgeries that resulted in

27   no physical harm solely by virtue of Providence's productivity-based compensation model for

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    the surgeons.  *See also id.* ¶ 5.3 (claiming all Providence patients are class members "due to the

2    fact that they … had surgeries with associated RVU billing"), ¶ 4.4 ("every surgery conducted

3    resulted in damage to the person creating, at a minimum, severe emotional distress for having

4    been a part of the unlawful scheme").

5                                  **III.    LEGAL STANDARDS**

6            Dismissal pursuant to Rule 12(b)(6) is appropriate where, after "tak[ing] the well-pleaded

7    factual allegations as true and view[ing] such allegations in the light most favorable to the

8    plaintiff," the court concludes the complaint fails to state a claim upon which relief can be

9    granted.  *Capstick v. Bank of N.Y. Mellon*, 2023 WL 5277685, at *2-3 (W.D. Wash. Aug. 16,

10   2023) (citing *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.

11   1998)).  "A Rule 12(b)(6) dismissal may be based on 'the lack of a cognizable legal theory or the

12   absence of sufficient facts alleged under a cognizable legal theory.'"  *Id.* at *2 (quoting *Balistreri*

13   *v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

14           Further, as the Court recognized, striking class allegations is appropriate where "the

15   complaint demonstrates that a class action cannot be maintained on the facts alleged."  Dkt. 184

16   at 13-14 (quoting *Tasion Commc'ns, Inc. v. Ubiquiti Networks, Inc.*, 2014 WL 1048710, at *3

17   (N.D. Cal. Mar. 14, 2014)); *see also Cashatt v. Ford Motor Co.*, 2020 WL 1987077, at *5 (W.D.

18   Wash. Apr. 27, 2020) ("At the pleadings stage, courts have struck class allegations where an

19   element to the plaintiff's claims inherently involves individualized inquiries.").

20                                  **IV.    ARGUMENT**

21   **A.    RCW Chapter 7.70 Bars All of Plaintiffs' Causes of Action Except for**
            **Medical Negligence.**

22           As discussed, Plaintiffs in this action seek to recover damages for injuries they allegedly

23   suffered as a result of surgeries they underwent with Drs. Dreyer or Elskens.  *See* FAC ¶ 1.2

24   ("This case is about … a fraud played out through spine surgeries that were medically

25   unnecessary, overly complex, or otherwise improper[.]"), ¶ 4.4 ("every surgery conducted

26   resulted in damage to the person"), ¶ 4.6 ("As a result of these surgeries, the lives of every

27

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 9

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

1   surgical patient of the Doctors have been permanently altered[.]").  Their claims accordingly are

2   exclusively governed by RCW 7.70, and the Court should dismiss Plaintiffs' claims other than

3   for medical negligence.

4          RCW 7.70 applies to "all civil actions and causes of action, whether based on tort,

5   contract, or otherwise, for damages for injury occurring as a result of health care[.]"

6   RCW 7.70.010.  The statute makes clear that a claim's *label* makes no difference; if the injury

7   "occurr[ed] as a result of health care," RCW 7.70 governs the claim in all respects.

8          Washington courts have recognized that RCW 7.70 "sweeps broadly" and "modifies

9   procedural and substantive aspects of *all* civil actions for damages for injury occurring as a result

10  of health care, *regardless of how the action is characterized*."  *Branom*, 94 Wn. App. at 969

11  (second emphasis added).  "[W]e conclude that whenever an injury occurs as a result of health

12  care, the action for damages … is governed exclusively by RCW 7.70."  *Id.*; *see also Fast v.*

13  *Kennewick Pub. Hosp. Dist.*, 187 Wn.2d 27, 34 (2016) ("The legislature began with a declaration

14  of intent that chapter 7.70 RCW would govern all actions for damages resulting from health

15  care[.]"); *Wright v. Jeckle*, 104 Wn. App. 478, 484 (2001) ("Chapter 7.70 RCW clearly governs

16  all actions for damages *based on injuries resulting from health care*.") (emphasis in original);

17  *Barrett v. Johnson*, 2024 WL 1998508, at *4 (E.D. Wash. May 6, 2024) ("When confronted with

18  multiple state law claims, the state courts have often held that Chapter 7.70 provides the

19  exclusive procedure and remedy."); *Rogers v. Wash. Dep't of Corrs.*, 2024 WL 3072042, at *5

20  (W.D. Wash. Feb. 29, 2024) (dismissing negligent infliction of emotional distress claim; "Where

21  an injury is alleged to have occurred as a result of health care, any action for damages for that

22  injury is governed exclusively by the remedies contained in RCW 7.70[.]").

23         Although RCW 7.70 does not define "health care," Washington courts interpret the term

24  to mean "the process in which [a physician is] utilizing the skills which he had been taught in

25  examining, diagnosing, treating or caring for the plaintiff as his patient."  *Branom*, 94 Wn. App.

26  at 969-70 (alteration in original); *see also id.* at 970 ("This definition is consistent with the

27  dictionary definition of health care: 'The prevention, treatment, management of illness and the

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 10

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

preservation of mental and physical well-being through the services offered by the medical and allied health professions.'"); *Reagan v. Newton*, 7 Wn. App. 2d 781, 791-92 (2019) (same definitions).  A "health care provider" under RCW 7.70 includes both a "physician" and "hospital."  RCW 7.70.020(1) & (3).  Accordingly, RCW 7.70 exclusively governs any action for damages for injuries occurring as a result of surgeries or care that Drs. Dreyer or Elskens provided, regardless of how Plaintiffs characterize their claims.  *See Branom*, 94 Wn. App. at 969; *Wright*, 104 Wn. App. at 481.

The named plaintiffs are all former surgery patients of Drs. Dreyer or Elskens (or their spouses or representatives), and they moor each of their causes of action on damages caused by the surgeries they underwent.  *See* FAC ¶¶ 1.6, 4.4-4.6, 5.6, 5.21, 5.27, 5.38, 5.50, 5.62, 5.75, 5.81.  As Washington courts have recognized, RCW 7.70 "sweeps broadly" to provide the exclusive remedy for these claims.  *Branom*, 94 Wn. App. at 969.  Plaintiffs' claims other than for medical negligence are all subject to RCW 7.70 and accordingly should be dismissed.

**B.    Plaintiffs Fail to Allege Fraud with Sufficient Particularity.**

The FAC also fails to meet the heightened pleading requirements under Rule 9(b), which provides another ground for dismissal.  *See* FAC ¶ 1.2 (claiming "This case is … about a fraud perpetrated on Defendants' surgical patients[.]").  Where, as here, "[a] plaintiff ... allege[s] a unified course of fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim … [in] that event, the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading as a whole must satisfy the particularity requirement of Rule 9(b)."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009); *Kauhi v. Countrywide Home Loans Inc.*, 2009 WL 3169150, at *3 (W.D. Wash. Sept. 29, 2009) (Washington Criminal Profiteering Act is subject to Rule 9(b) pleading standard); *see, e.g.*, FAC ¶¶ 1.1, 1.6, 1.37, 1.38, 4.83, 4.84, 4.126-4.128, 5.6-5.8, 6.15, 7.15, 9.4, 14.1-14.11, 20.3-20.5.  This requires Plaintiffs to "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."  *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (citation &

PROVIDENCE'S MOT. TO DISMISS AND MOT. TO STRIKE CLASS ALLEGATIONS (2:22-cv-00915-JLR) - 11

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

quotation marks omitted). Rule 9(b) also "prohibits 'merely lump[ing] defendants together'" and requires Plaintiffs to "differentiate their allegations when suing more than one defendant [and] inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Nygard v. Mortg. Elec. Registration Sys., Inc.*, 2015 WL 5730428, at *3 (W.D. Wash. Sept. 30, 2015) (citation & quotation marks omitted). Plaintiffs fail to meet this pleading standard.

Despite mentioning "fraud" over 80 times in the FAC, Plaintiffs fail to identify with particularity Providence's role in the supposed "fraudulent treatment" and "fraudulent concealment" scheme. *E.g.*, FAC ¶¶ 1.37-1.38. Courts routinely dismiss complaints under similar circumstances for failure to comply with Rule 9(b). *E.g.*, *Nygard*, 2015 WL 5730428, at *3 (dismissing defendant where "complaint identifies no specific facts as to [defendant's] conduct or involvement"); *Kauhi*, 2009 WL 3169150, at *5 ("[B]ecause Plaintiffs have lumped together the named Defendants, not plead with specificity in accord with Rule 9(b), and have made no showing of fraud other than threadbare recitals, the Court could dismiss Plaintiffs' RICO claims on this basis alone"). The plaintiffs in *Kauhi*, for example, asserted only "conclusory allegations and legal conclusions[] that Defendants were conspiring in some fraudulent scheme" to deny them "promised mortgage payment relief." *Id.* But plaintiffs did "not allege that any particular agent of Defendants made such a promise" nor made any attempt to "distinguish their allegations against Defendants." *Id.* Presented with plaintiffs' "threadbare recitals" concerning their CPA claim, the court dismissed it. *Id.* at *7.

The same reasoning applies here in concluding that Plaintiffs failed to allege their claims with sufficient particularity. Plaintiffs merely lump together allegations concerning Providence and Drs. Dreyer and Elskens, and assert only conclusory allegations and legal conclusions. *E.g.*, FAC ¶ 7.18 ("Defendants, used a common scheme and plan knowingly to defraud patient class members, the health insurance programs and/or governmental insurance entities (e.g., Medicare/Medicaid) to wrongfully obtain property (including financial payments of false health care claims) by knowingly misrepresenting information about the health care provided, the

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 12

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    medical necessity of it, and/or other improper issues, with the intent to deprive them of that

2    property."), ¶ 14.10 ("Defendants' failure to inform Plaintiffs, in the face of a legal duty to do so,

3    constitutes fraud by concealment, as specifically identified herein.").  Plaintiffs speculate that

4    Providence's productivity-based compensation model—common in the healthcare industry—

5    promoted a fraudulent scheme concealing "the high risk of having a medically unnecessary

6    procedure performed for which the motive was financial gain."  *Id.* ¶ 4.7; *e.g.*, *id.* ¶¶ 4.16-4.17,

7    4.137.  But Plaintiffs do not allege what information they relied on when deciding to undergo

8    their surgeries, let alone any factual allegations showing their particular surgeries were

9    financially motivated and would not have been performed or would have been performed in a

10   different manner (avoiding any injury to Plaintiffs) but for Providence's supposed improper

11   financial motivation.  *Id.* ¶¶ 5.16-5.62, 5.67-5.81.  Plaintiffs accordingly have not pled the

12   circumstances of Providence's alleged fraudulent conduct with requisite particularity.  The Court

13   should dismiss all but the medical negligence claims under RCW 7.70 on this basis as well.

14       **C.    The Court Should Strike Plaintiffs' Class Allegations as Their New Class Definitions Are Impermissibly Overbroad.**

15

16       Plaintiffs' new class definitions are impermissibly overbroad.  "When 'a class is defined

17   so broadly as to include a great number of members who for some reason could not have been

18   harmed by the defendant's allegedly unlawful conduct, the class is defined too broadly to permit

19   certification.'"  *Olean*, 31 F.4th at 669 n.14 (quoting *Messner v. Northshore Univ. HealthSystem*,

20   669 F.3d 802, 824 (7th Cir. 2012)); *see also Cashatt*, 2020 WL 1987077, at *4 ("[A] class

21   definition may be overbroad if it includes individuals who sustained no injury and therefore lack

22   standing to sue.").  "[C]ourts consistently decline to certify class definitions that encompass

23   members who are not entitled to bring suit under the applicable substantive law."  *Booth v.

24   Appstack, Inc.*, 2015 WL 1466247, at *15 (W.D. Wash. Mar. 30, 2015) (collecting cases); *see

25   also Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 596 (9th Cir. 2012) (vacating certification

26   for overbroad class "defined in such a way as to include only members who were exposed to

27   advertising that is alleged to be materially misleading … because common questions of fact do

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 13

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    not predominate where an individualized case must be made for each member"), *overruled in*

2    *part on other grounds by Olean*, 31 F.4th at 682.

3        Plaintiffs admit a material percentage of their proposed classes encompass patients who

4    underwent appropriate surgeries and did not therefore suffer any physical injury. *See, e.g.*, FAC

5    ¶ 1.18 (speculating "greater than 80 percent of Dr. Dreyer's surgical patients at Providence"

6    potentially underwent medically unnecessary surgeries—but not all, and not Dr. Elskens'

7    patients); ¶ 5.6 ("All surgery patients of [Drs. Dreyer and Elskens] at [St. Mary] suffered

8    *violation of their person* with the surgery incision as part of the fraudulent scheme," not that they

9    were injured as a result of an unnecessary surgery) (emphasis added), ¶ 5.7 ("vast majority of

10    proposed class members"—but not all—underwent alleged medically unnecessary surgeries).

11        Ninth Circuit precedent holds that class definitions must be tied to a cognizable theory of

12    injury (capable of class-wide proof) to not be impermissibly overbroad by sweeping in uninjured

13    class members. *See Olean*, 31 F.4th at 669 n.14 (class definition should "include only those

14    members who can rely on the same body of common evidence to establish the common issue");

15    *Mazza*, 666 F.3d at 596 ("limited scope" of allegedly misleading advertising "makes it

16    unreasonable to assume that all class members viewed it"); *Black Lives Matter L.A.* 113 F.4th at

17    1260 ("plaintiffs here have not shown the existence of common evidence that can resolve in 'one

18    stroke' the class members' claims that hinge on a wide array of facts and circumstances"); *see*

19    *also Cashatt*, 2020 WL 1987077, at *6 ("problems arise from the breadth of Plaintiffs' class,

20    which encompasses officers with utterly distinct types of injuries"); *cf. Ruiz Torres v. Mercer*

21    *Canyons Inc.*, 835 F.3d 1125, 1139 (9th Cir. 2016) (finding predominance met where

22    "composition of the … class … reveals a reasonably close fit with Plaintiffs' theory of liability,

23    such that … membership of the class is largely co-extensive with those who could have been

24    injured by [defendant's] conduct"). Neither of Plaintiffs' proposed classes meets this standard.

25        *First*, regarding the Providence class, Plaintiffs claim that the productivity-based provider

26    compensation model incentivized improper surgeries and the submission of false healthcare

27    claims. FAC ¶¶ 5.2-5.3, 6.5.1, 6.15. Plaintiffs claim that every surgery performed by Drs.

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 14

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

Dreyer and Elskens under Providence's compensation model was not done for the "medical wellbeing of patients." *Id.* ¶ 6.15. They allege this "fraudulent scheme" "violat[ed] their person" and caused them "anxiety, emotional injury, economic damage, and physical damage." *Id.* ¶ 5.6. But these conclusory allegations all rest on the faulty premise that the compensation model itself is harmful. Plaintiffs have not established any injury resulting from the productivity-based model; instead, their allegations continue to focus on whether they were injured as a result of allegedly medically unnecessary surgeries. *See, e.g.*, *id.* ¶¶ 1.2, 1.6, 1.14, 4.44, 4.126. Indeed, the FAC refers to "medically unnecessary" or "unnecessary" surgeries some 135 times. But—as this Court recognized in granting Providence's earlier motion to strike class allegations—medical necessity is an inherently fact-intensive determination that rests on the particular circumstances of each patient's care and is untied to the compensation of the performing surgeon. *See Dennis F. v. Aetna Life Ins.*, 2013 WL 5377144, at *4 (N.D. Cal. Sept. 25, 2013) ("Plaintiffs' claims are predicated on medical necessity determinations that are unique to each individual class member" and "[s]uch individualized, claim-specific inquiries are not amenable to class-wide resolution"); *Post v. Amerisourcebergen Corp.*, 2023 WL 5602084, at *4 (N.D. W.Va. Aug. 29, 2023) ("Plaintiff's personal medical experience is specific to her," "[i]t is not common, class-wide proof," and for this reason "courts have … rejected class certification in cases involving the appropriateness of medical treatment"). Plaintiffs' theory of injury is not co-extensive to the definition of the Providence class and thus the class on its face sweeps in many members who did not undergo medically unnecessary surgeries. The proposed class therefore encompasses members who have no injury and is impermissibly overbroad.

*Second*, regarding the MultiCare class, Plaintiffs claim that Dr. Dreyer's alleged practices of performing medically unnecessary surgeries and submitting false healthcare claims meant MultiCare should not have hired him in the first place. FAC ¶¶ 1.33-1.34, 1.36-1.37, 4.91-4.93, 4.126, 5.63, 6.5.2. Plaintiffs assert that Dr. Dreyer "continued his pattern and practice of negligent, violative, unethical, and fraudulent treatment practices to generate false claims" at MultiCare. *Id.* ¶ 1.34. Thus their theory of injury for the MultiCare class is the same as for the

Providence class, which necessarily requires them to establish their surgeries were medically unnecessary. *Id.* ¶ 4.126. But this injury is not tied in any way to the allegation that MultiCare should not have hired Dr. Dreyer because of his alleged practices at Providence. This injury is therefore also not co-extensive to the definition of the MultiCare class and this class too on its face sweeps in members who did not undergo medically unnecessary surgeries or suffer physical injury. Thus, the proposed MultiCare class encompasses members who have no injury and is impermissibly overbroad.

### D.    The Court Should Conclude that Plaintiffs Cannot Satisfy Rule 23(a)(4)'s Adequacy Requirement While Represented by Current Counsel.

The adequacy of representation requirement of Rule 23(a)(4) requires Plaintiffs to establish that the named plaintiffs and their counsel will "prosecute the action vigorously on behalf of the class." *Arthur v. Sallie Mae, Inc.*, 2012 WL 90101, at *8 (W.D. Wash. Jan. 10, 2012) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). Considerations related to this requirement include the "competency of counsel." *Id.* (quoting *Hanlon*, 150 F.3d at 1021; *see also J.R. ex rel. Ju.R. v. Blue Cross & Blue Shield of Ill.*, 2019 WL 11901651, at *1 (W.D. Wash. Nov. 25, 2019) (Rule 23(a)(4) requires that "counsel representing the class must be qualified and competent"). But with the Court having questioned Plaintiffs' counsel's litigation conduct to date, including "counsel's tendency to cut corners, procedurally and ethically, in pursuing this action," Dkt. 223 at 10, the Court should strike Plaintiffs' class allegations due to their counsel's inability to satisfy the adequacy requirement.

In assessing adequacy, courts consider counsel's "quality of work, briefing skills, diligence, care, and attention to detail." *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 593 (7th Cir. 2011) (citing 7A Charles Alan Wright et al., FED. PRAC. & PROC. § 1769.1 (3d ed. 2005)); *see also Sweet v. Pfizer*, 232 F.R.D. 360, 371 (C.D. Cal. 2005) ("Courts have considered proposed class counsel to be inadequate when their work up to that point in the case was of poor quality."). Here, Plaintiffs' counsel's conduct to date has been troubling, especially given that they represent patients claiming to have suffered significant health issues and injuries. In the

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

past year alone, Plaintiffs' counsel belatedly sought to renew their remand motion after the parties had fully briefed their certification-related motions.  Dkt. 154.  After filing their 173-page Fourth Amended Complaint, Plaintiffs refused to provide a requested extension for Defendants to answer, which the Court recognized was "patently unreasonable" given the "greatly increased scope" of the amended complaint.  Dkt. 194 at 2.  In addition, Plaintiffs filed their Fourth Amended Complaint entirely under seal with seemingly no regard for LCR 5(g)'s procedural requirements, necessitating a second order from the Court.  Dkt. 193.  And in naming 130 new plaintiffs in the Fourth Amended Complaint, Plaintiffs' counsel provided no specifics about these individuals' medical care or claimed injuries—and indeed improperly named nine plaintiffs who were represented by other counsel.  *See* Dkt. 215 at 2-3 (Providence motion to strike and require Plaintiffs' counsel to produce representation agreements).

Even with their Fifth Amended Complaint, Plaintiffs added over 50 pages of substantive allegations to their Third Amended Complaint, despite the Court's prior admonitions about the limited permitted scope of leave to amend and warning that "[t]he addition of hundreds of new allegations in the fourth amended complaint does not satisfy *Olean*'s requirement that Plaintiffs 'actually prove—not simply plead' that their proposed classes satisfy Rule 23."  Dkt. 223 at 8 (quoting *Olean*, 31 F.4th at 664).  Plaintiffs seemingly did nothing to address this concern in the Fifth Amended Complaint.  Further, they repleaded previous discovery rule, vicarious liability, negligence per se, res ipsa loquitur, disgorgement, and waiver of privilege causes of action, FAC ¶¶ 13.1-13.3, 18.1-20.7, 22.1-23.2, in disregard of the Court's direction in its August 9, 2024 order that these are "not stand-alone causes of action."  Dkt. 184 at 9 n.4.

The adequacy of counsel is a case-specific determination—*see Walter v. Palisades Collection, LLC*, 2010 WL 308978, at *11 (E.D. Pa. Jan. 26, 2010) (noting dilatoriness and "quality of advocacy by Plaintiffs' counsel thus far"); *Gomez*, 649 F.3d at 592-93 (citing concerns about "diligence, respect for judicial resources, and promptness"); *Gbarabe v. Chevron Corp.*, 2017 WL 956628, at *35 (N.D. Cal. Mar. 13, 2017) (discussing failure to comply with rules, failure to diligently prosecute case, submission of class certification motion that "fell

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 17

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   woefully short of meeting [plaintiff's] evidentiary burden[,]" and concluding "the entire manner

2   in which plaintiff's counsel have litigated this action" creates adequacy concerns)—but the Court

3   here has already pronounced itself "unimpressed" with Plaintiffs' counsel's conduct to date.

4   Dkt. 223 at 10.  The conclusion that Plaintiffs cannot satisfy the adequacy requirement to

5   proceed with class claims while represented by their current counsel is warranted.

6   **E.      Individual Issues of Standing, Causation, Injury, and Damages Will Predominate over Any Common Issues.**

7          Even more, the Court should strike Plaintiffs' class allegations due to the overriding

8   individual standing, injury, causation, and damages issues that will predominate over any

9   common issues.  *See* Fed. R. Civ. P. 23(b)(3); Dkt. 184 at 25 (noting predominance inquiry is

10  "more demanding" than Rule 23(a) commonality requirement) (citing *Comcast Corp. v.*

11  *Behrend*, 569 U.S. 27, 34 (2013)).  In this case, the individual issues have only multiplied from

12  Plaintiffs' initial proposed classes focused on the medical necessity of any patient's surgery, with

13  the Court concluding then that Plaintiffs could not satisfy Rule 23(b)(3)'s predominance

14  requirement.  Dkt. 184 at 31 ("[T]he court cannot find that Plaintiffs have established that

15  common questions predominate over individual ones because Plaintiffs have not shown that

16  causation can be resolved with class-wide proof, and class membership requires an

17  individualized analysis of medical necessity.").

18         Rather than focus the class definitions in their FAC, Plaintiffs expanded them to include

19  every former surgery patient of Drs. Dreyer or Elskens at Providence or MultiCare.  FAC

20  ¶¶ 6.5.1-6.5.2.  Yet Plaintiffs acknowledge that not every former patient underwent an

21  unnecessary surgery or even suffered physical injury.  *Id.* ¶¶ 5.2, 5.5, 5.63  This Court previously

22  recognized the "necessarily individualized" inquiries for each plaintiff given the nature of this

23  action and that patients "presented to [Drs. Dreyer and Elskens] with a wide range of medical

24  issues and were subjected to a variety of surgeries and treatments."  Dkt. 184 at 29.  These

25  individual issues are even more pronounced when Plaintiffs' expanded classes now encompass

26

27

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 18

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

patients who underwent appropriate surgeries and did not suffer physical injury.  *See also* Section IV.C (Plaintiffs' impermissibly overbroad classes would sweep in uninjured members).

The FAC allegations necessarily raise extensive individual issues concerning standing, injury, causation, and damages for the thousands of former Dr. Dreyer/Elskens patients.  *See* FAC ¶¶ 6.6-6.7.  As the U.S. Supreme Court has held, "[e]very class member must have Article III standing in order to recover individual damages" and "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021) (citation omitted); *see also Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1277 (11th Cir. 2019) ("when it appears that a large portion of the class does not have standing," a trial court "must consider under Rule 23(b)(3) before certification whether the individualized issue of standing will predominate over the common issues in the case"); *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 891-92 (11th Cir. 2023) (finding that "Rule 23(b)(3)'s predominance analysis implicates Article III standing" and "[t]he predominance inquiry is especially important in light of *TransUnion's* (and *Cordoba's*) reminder that 'every class member must have Article III standing in order to recover individual damages' because a district court must ultimately weed out plaintiffs who do not have Article III standing before damages are awarded to a class") (citations omitted).

The Court further expressed its skepticism about Plaintiffs' ability to establish class-wide proof on the "key issue of causation" in denying certification.  Dkt. 184 at 26-27.  Plaintiffs' theory of injury for the named Plaintiffs continues to center on those patients having undergone alleged medically unnecessary or improper surgeries and suffering specific damages as a result. *See* FAC ¶¶ 5.21, 5.27, 5.38, 5.50, 5.62, 5.73, 5.79.5.  But Plaintiffs cannot allege injury for any patient whose surgery met the standard of care and/or who suffered no physical injury.  By redefining their proposed classes to include every former surgery patient of Drs. Dreyer and Elskens, Plaintiffs have only increased the number of individual inquiries that the Court recognized predominate over common questions of law or fact to potential class members.  Dkt. 184 at 26.  *See also Behr v. Anderson*, 18 Wn. App. 2d 341, 363 (2021) (plaintiffs asserting

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

medical negligence claims under RCW 7.70 must each prove defendant failed to exercise standard of care and that such failure was proximate cause of injuries, both of which generally require expert testimony).

In addition, Plaintiffs have only increased the number of individual inquiries necessary to resolve each of their claims and those of the proposed class with new allegations concerning the consent that each patient provided to surgery. *See* FAC ¶¶ 4.151-4.152 (claiming that Drs. Dreyer and Elskens "exaggerat[ed] the seriousness of objective findings," engaged in "[c]onfidence building with patients by exaggerating or misrepresenting" their skills, and "promot[ed] unrealistic results of the surgeries."). Plaintiffs vaguely allege this was done "as a pattern, not as isolated occurrences." *Id.* ¶ 4.151; *see also id.* ¶¶ 5.15, 6.8.14, 11.1-11.2 (consent-based allegations and claims). This necessarily implicates the consultations that thousands of patients individually underwent with Drs. Dreyer or Elskens and the discussions about potential surgical options, outcomes, and other issues with each patient.

The Court should strike the FAC's class allegations because the individual inquiries necessary to determine whether class members suffered cognizable injury (including their consent as to any surgery) are incompatible with Rule 23(b)(3)'s predominance requirement. *See Olean*, 31 F.4th at 668 ("When individualized questions relate to the injury status of class members, Rule 23(b)(3) requires that the court determine whether individualized inquiries about such matters would predominate over common questions.") (citing *Cordoba*, 942 F.3d at 1277); *see also Black Lives Matter L.A.*, 113 F.4th at 1260 (vacating the district court's certification of a class where the plaintiffs would be unable to show common questions predominate due to "the extensive individualized evidence necessary to prove the [class's] claims"). And Ninth Circuit district courts have concluded in several cases that striking class allegations is appropriate when a plaintiff's complaint makes clear that substantial individual issues would predominate over common ones. *See Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1147-48 (N.D. Cal. 2010) (noting predominance of "elements that are individual to each purported class member," including notice and reliance, as well "varying factual allegations" made by the named plaintiffs); *Moon v.*

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 20

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

*Cnty. of Orange*, 2020 WL 2332164, at *7 (C.D. Cal. Mar. 18, 2020) (noting "individualized determinations" for each class member as to confidentiality of inmate phone calls at issue); *Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. Jan. 21, 2009) (court would be "forced to engage in individual inquiries of each class member" as to materiality of statement and purchasing reliance); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016) (striking class allegations that "involve highly individualized inquiries regarding consent and revocation of consent"); *Cashatt*, 2020 WL 1987077, at *5-6 (striking class allegations appropriate when claims "inherently involve[] individualized inquiries" and concluding that a "variety of injuries" for potential class members "will introduce a variety of individualized causation issues" defeating predominance).

This Court should conclude the same given the extensive individual standing, injury, causation, and damages issues evident with the FAC and Plaintiffs' inclusion of every former surgery patient of Drs. Dreyer and Elskens as potential class members. *See Cashatt*, 2020 WL 1987077, at *6 (striking class allegations in complaint that "brings up too many individualized issues for certification to be plausible"). Here, too, certification is not plausible and Plaintiffs' class allegations should be stricken.

### F. This Action Should Proceed on the Individual Medical Negligence Claims of Only the Named Plaintiffs.

The Court permitted Plaintiffs to file a fourth amended complaint to "address[] the issues identified in" its order striking class allegations and denying certification. Dkt. 184 at 33. Otherwise, the Court stated that this action would proceed on the individual claims of the named plaintiffs in the Third Amended Complaint. *Id.* But even as the Court attempted to "provide Plaintiffs guidance as they redefine their proposed classes," *id.* at 17, Plaintiffs did nothing to focus either their Fourth or Fifth Amended Complaints in line with that guidance. The Court accordingly should deny Plaintiffs further leave to amend, and this action should proceed on the individual medical negligence claims of only the named plaintiffs.

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 21

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

The Court can deny leave to amend when amendment would be futile, as well as when a party (as here) has had previous opportunities to amend its pleadings. *Wizards of the Coast LLC v. Cryptozoic Entm't LLC*, 309 F.R.D. 645, 654 (W.D. Wash. 2015). The futility of Plaintiffs' class allegations are evident—Plaintiffs initially pleaded impermissible fail-safe classes defined in terms of patients who underwent (alleged) medically unnecessary surgeries (which they still continue to emphasize, *see supra* note 4), and now have pleaded impermissibly overbroad classes. The Court additionally has recognized the inherent individualized issues for Plaintiffs in this case given that they "presented to [Drs. Dreyer and Elskens] with a wide range of medical issues and were subjected to a variety of surgeries and treatments." Dkt. 184 at 29. It is clear Plaintiffs cannot save their class allegations by further amendment. Leave to redefine their classes for a third time should be denied as futile.

The Court also should deny Plaintiffs leave to amend given Plaintiffs' previous opportunities to amend their complaint. "[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (quoting *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999)). Here, Plaintiffs failed to "address the issues" the Court identified in its August 9, 2024 order with either the Fourth or Fifth Amended Complaints. Plaintiffs instead filed two scattershot complaints that added dozens of pages of allegations without addressing core requirements of common proof or causation for their numerous claims. Further, even as the Court noted that Plaintiffs pleaded claims in the Third Amended Complaint that were not "stand-alone causes of action," Plaintiffs repeated these improper claims in their FAC. *See* FAC ¶¶ 13.1-13.3, 18.1-20.7, 22.1-23.2. Having previously provided Plaintiffs the opportunity to amend their complaint, the Court now should deny further amendment in this two-and-a-half-year-old action.

## V.     CONCLUSION

For the above reasons, the Court should (1) dismiss all claims other than Plaintiffs' medical negligence claims under RCW 7.70, (2) strike Plaintiffs' class allegations, and (3) deny

Plaintiffs further leave to amend their complaint.  This action should proceed solely on the individual medical negligence claims of the named Plaintiffs.

I certify that this memorandum contains 7,912 words, in compliance with the Local Civil Rules.

DATED this 12th day of December, 2024.

DAVIS WRIGHT TREMAINE LLP
Attorneys for Defendant Providence Health &
Services – Washington

By *s/ Kenneth E. Payson*
Kenneth E. Payson, WSBA #26369
Ross Siler, WSBA #46486
Caleah N. Whitten, WSBA #60209
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: (206) 622-3150
Fax: (206) 757-7700
Email: kenpayson@dwt.com
ross.siler@dwt.com
caleahwhitten@dwt.com

LEWIS BRISBOIS BISGAARD & SMITH LLP
Attorneys for Defendant Providence Health &
Services – Washington

Jennifer K. Oetter, WSBA #26140
888 SW Fifth Avenue, Suite 900
Portland, OR  97204
Telephone: (971) 712-2800
Fax: (971) 712-2801
Email: jennifer.oetter@lewisbrisbois.com

PROVIDENCE'S MOT. TO DISMISS AND
MOT. TO STRIKE CLASS ALLEGATIONS
(2:22-cv-00915-JLR) - 23

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax