FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLINE ANGULO, a single person; ERIC KELLER, a single person; EBEN NESJE, a single person; KIRK SUMMERS, a single person; CHRISTINE BASH, individually and as a personal representative of THE ESTATE OF STEVEN BASH; RAYMOND SUMERLIN, JR., and MARYANN SUMERLIN, a married couple; and MARTIN WHITNEY and SHERRYL WHITNEY, a married couple,<br><br>    Plaintiffs, individually and on behalf of others similarly situated,<br><br>    v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a/ PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; DR. DANIEL ELSKENS DO and | No. 4:25-CV-05029-SAB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFFS' CROSS MOTION FOR REMAND** |

**ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFFS' CROSS MOTION FOR REMAND** ~ 1

JANE DOE ELSKENS, husband and wife and the marital community thereof; and JOHN/JANE DOES 1–10, and any marital communities thereof.

    Defendants.

Before the Court are Defendant Providence's Motion to Stay, ECF No. 275,[1] and Plaintiffs' Cross Motion for Remand, ECF No. 280. Plaintiffs are represented by William Gilbert, Ashley Richards, Beth Bollinger, Peter Langrock, and Terrance Reed. Defendant Providence is represented by Jennifer Oetter, Kenneth Payson, Ross Siler, and Caleah Whitten. Defendants Dr. Dreyer and Jane Doe Dreyer are represented by Bryce Wilcox, James McPhee, Jeffrey Galloway, Ryan Beaudoin, and Steven Dixson. Defendants Dr. Elskens and Jane Doe Elskens are represented by Ronald Van Wert and Stephen Lamberson. The motions were considered without oral argument.

## I.    BACKGROUND

This case was filed in King County Superior Court on May 13, 2022. On June 30, 2022, the Defendants timely removed the matter to the U.S. District Court for the Western District of Washington and pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d) and § 1453. On March 19, 2025, this matter was transferred to the U.S. District Court for the Eastern District of Washington, because of several related pending matters and in the interest of justice and judicial economy.

Plaintiffs filed their Fifth Amended Complaint on November 15, 2024. They seek to certify two classes of plaintiffs, Providence Class and MultiCare Class.

---

[1] Defendants Dr. Dreyer, Jane Doe Dreyer, Dr. Elskens, and Jane Doe Elskens join in Defendant Providence's Motion. ECF Nos. 277 and 288.

**ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFFS' CROSS MOTION FOR REMAND ~ 2**

They also seek recovery on several related claims for the class:

Claim (1): Plaintiffs allege criminal profiteering, pursuant to Wash. Rev. Code § 9A.82.100 and 9A.82.080, with predicate acts, including for false health care claims, pursuant to Wash. Rev. Code § 48.80.030 and 9A.08.020; money laundering, pursuant to Wash. Rev. Code § 9A.83.020(1)(a)&(b), 9A.83.020(5), and 9A.08.020; theft by deception, pursuant to Wash. Rev. Code § 9A.56.030, 9A.56.040, and 9A.08.020; Plaintiffs also generally allege, as it relates to Claim (1), Defendants engaged in a pattern of profiteering with several enterprises, and the acts and omissions involved in the scheme was the direct and proximate cause of Plaintiffs' injuries. For Claim (1), Plaintiffs seek actual damages, treble damages, a civil penalty of $25,000, injunctive relief, equitable relief, disgorgement, forfeiture relief, and costs and attorneys' fees.

Claim (2): Plaintiffs allege negligence and negligent misrepresentation, in violation of the common law and Wash. Rev. Code § 70.41.210. They seek related damages.

Claim (3): Plaintiffs allege medical negligence, in violation of Wash. Rev. Code § 7.70 and § 4.24. They seek related damages.

Plaintiffs also generally allege a lack of consent or informed consent; corporate negligence; that Defendants deprived Plaintiffs of their opportunity to discover the factual bases for the causes in violation of the discovery rule; a breach of fiduciary duty, fraud, and/or misrepresentation; negligent infliction of emotional distress and outrage; loss of consortium; wrongful death or survivor actions; vicarious liability; negligence *per se*; *res ipsa loquitur*; unjust enrichment; disgorgement; waiver of physician-patient privilege.

For all claims, Plaintiffs seek class certification; a finding of liability; actual damages; civil penalties; injunctive and remedial relief; costs and fees; a forfeiture money judgment; compensatory damages; restitution; disgorgement; prejudgment and post judgment interest; and notice to the doctors' patients regarding their

treatment and possible future care needed as a result.

The two proposed classes of plaintiffs are:

**(1) Providence Class:** All surgical patients of the Doctors at Providence who were subject to the RVU compensation scheme in connection with their treatment.

**(2) MultiCare Class:** All surgical patients of Dr. Jason A. Dreyer, DO, while he was employed in Spokane, Washington, by MultiCare Health Systems, from May 3, 2019, through November 18, 2021.

For the Providence Class, Plaintiffs allege the doctors had roughly 1,750 patients, which amounts to the same number of class members. For the MultiCare Class, Plaintiffs allege roughly 475 surgical patients for Dr. Dreyer, and thus 475 class members.

The issues alleged arise from a March 17, 2022, settlement agreement in a *qui tam* False Claims Act action between Defendant Providence, the United States, and the State of Washington. Defendant Providence agreed to pay the government $22,690,458, with $10,459,388 earmarked as restitution, to resolve allegations that the hospital fraudulently billed federal and state health care programs for surgeries performed by Drs. Dreyer and Elskens at Providence St. Mary Medical Center in Walla Walla, Washington. Both doctors resigned in the face of Washington Department of Health administrative investigations. But Dr. Dreyer started practicing again at MultiCare Health System in Spokane, Washington.[2]

In the settlement agreement, the parties stipulated that between July 1, 2013, and November 13, 2018, Providence submitted claims and accepted reimbursement

---

[2] MultiCare Health Systems is not a defendant in this matter. Plaintiffs assert in their Fifth Amended Complaint that Defendant Providence is responsible for any surgeries performed by Dr. Dreyer in Spokane at MultiCare because it failed to report his actions.

**ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFFS' CROSS MOTION FOR REMAND ~ 4**

from federal and state health care programs for neurosurgery and other services at Providence St. Mary; that Providence employed Dr. Dreyer during that entire time period and Dr. Elskens between November 2015 and May 2017; that Providence paid the neurosurgeons in such a way as to encourage higher complexity surgeries resulting in higher compensation; that Providence received and noted concerns about the doctors' procedures and their medical necessity; that Dr. Elskens was placed on administrative leave in February 2017 and resigned in May 2017; that Dr. Dreyer was placed on administrative leave in May 2018 and resigned in November 2018; and that Providence did not report either doctor to the National Practitioner Data Bank or Department of Health.

Defendant Providence did not admit to liability in the settlement agreement, though the United States and State of Washington found they had claims against Defendant Providence for false claims and failure to take appropriate action with regards to the doctors' actions.

## II.    DEFENDANT PROVIDENCE'S MOTION TO STAY

### A.    Motion Standard

Trial courts possess the "inherent power to control [their] own docket and calendar." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Parties seeking to stay a proceeding "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

A district court reviewing a motion to stay must consider the "competing interests which will be affected by the granting or refusal to grant a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). These include the possible damage of granting; hardship or inequity one party may suffer in denial; and whether granting a stay would simplify of complicate the issues, the proof, or questions of law. *Id.*

### B. Analysis

Here, Defendant Providence requests the Court stay this matter before it rules on the pending Motion to Dismiss and Motion to Strike Class Allegations, ECF No. 229, and until the U.S. Supreme Court rules on whether "a federal court may certify a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) when some members of the proposed class lack any Article III injury." *Lab'y Corp. of Am. v. Davis*, 2025 WL 288305, at *1 (Jan. 24, 2025) ("Labcorp"). The matter is set for oral argument on April 29, 2025.

The Court has considered the competing interests asserted by both parties. *See CMAX, Inc.*, 300 F.2d at 268. Plaintiffs argue a stay would further delay this case, which is already three years old, and they request a remand to state court to address the class issues under state law. Defendant Providence argues the stay to wait for the Labcorp decision will inform the issue of certification, the scope of any putative class, and the potential of a jurisdictional problem should the Court deny class certification.

Given the Court does not have a motion for class certification pending before it, Defendant Providence's request for a stay based on the viability of the proposed class in the Fifth Amended Complaint is premature. As such, the Motion to Stay is **denied**.

### III. PLAINTIFFS' MOTION FOR REMAND

### A. Motion Standard

Under 28 U.S.C. § 1447(c), a district court must remand a case for lack of subject matter jurisdiction. 28 U.S.C. § 1332(d) allows a federal court to assert original jurisdiction over class actions with minimal diversity among plaintiffs and defendants; with $5,000,000 or more for the amount in controversy; and with 100 or more putative class members.

### B. Analysis

The Court has considered Plaintiffs' motion and the relevant statutes.

**ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFFS' CROSS MOTION FOR REMAND ~ 6**

Defendants have properly asserted federal jurisdiction in this matter pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act. Some of the Plaintiffs live in a different state than Defendants; Plaintiffs allege a class of more than 1,000; and the potential for damages, when compared to the settlement in the related *qui tam* case reaches more than $5,000,000. As such, the Court **denies** Plaintiffs' Cross Motion for Remand.

Finally, Plaintiffs have named JOHN/JANE DOES 1–10 Defendants in this matter. Barring unusual circumstances, "Doe pleading" is not permitted in the Ninth Circuit. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969); *see also* General Orders 84-37, 13-37-1. Here, Plaintiffs have not alleged any unusual circumstances to justify the use of Doe pleading. Thus, the Court dismisses these Defendants from the case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Providence's Motion to Stay, ECF No. 275, is **DENIED**.
2. Plaintiffs' Cross Motion for Remand, ECF No. 280, is **DENIED**.
3. All John/Jane Does 1–10 are **DISMISSED** without prejudice.
4. The District Court Executive shall **amend** the case caption to reflect the dismissal of the John/Jane Does 1–10 Defendants.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 24th day of April 2025.

*Stanley A. Bastian*
Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING DEFENDANT'S MOTION TO STAY; DENYING PLAINTIFFS' CROSS MOTION FOR REMAND ~ 7**