FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 01, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLINE ANGULO, a single person; ERIC KELLER, a single person; EBEN NESJE, a single person; KIRK SUMMERS, a single person; CHRISTINE BASH, individually and as a personal representative of THE ESTATE OF STEVEN BASH; RAYMOND SUMERLIN, JR., and MARYANN SUMERLIN, a married couple; and MARTIN WHITNEY and SHERRYL WHITNEY, a married couple,<br><br>　　　　Plaintiffs, individually and on behalf of others similarly situated,<br><br>　　　　v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a/ PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; and DR. DANIEL ELSKENS DO | No. 4:25-CV-05029-SAB<br><br>**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** |

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 1**

and JANE DOE ELSKENS, husband and wife and the marital community thereof.

    Defendants.

    Before the Court is Defendant Providence's Motion to Dismiss and Motion to Strike Class Allegations, ECF No. 229.[1] Plaintiffs are represented by William Gilbert, Ashley Richards, Beth Bollinger, Peter Langrock, and Terrance Reed. Defendant Providence is represented by Jennifer Oetter, Kenneth Payson, Ross Siler, and Caleah Whitten. Defendants Dr. Dreyer and Jane Doe Dreyer are represented by Bryce Wilcox, James McPhee, Jeffrey Galloway, Ryan Beaudoin, and Steven Dixson. Defendant Dr. Elskens is represented by Ronald Van Wert and Stephen Lamberson. The motion was considered without oral argument.

    Having considered the briefs, case history, caselaw, and the Fifth Amended Complaint, the Court **denies** the motion to dismiss.

## I. BACKGROUND

    This case was filed in King County Superior Court on May 13, 2022. On June 30, 2022, the Defendants timely removed the matter to the U.S. District Court for the Western District of Washington and pursuant to the Class Action Fairness Act of 2005 ("CAFA") based on diversity jurisdiction, 28 U.S.C. § 1332(d) and § 1453. On March 19, 2025, this matter was transferred to the U.S. District Court for the Eastern District of Washington, because of several related pending matters and in the interest of justice and judicial economy.

    Plaintiffs filed their Fifth Amended Complaint on November 15, 2024. ECF No. 224. They seek to certify two classes of plaintiffs, Providence Class and MultiCare Class. They also seek several related claims for the Plaintiffs and the

---

[1] Defendants Dreyer and Jane Doe Dreyer joined in the Motion, ECF No. 230, as well as Defendants Elskens and Jane Doe Elskens, ECF No. 231.

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 2**

proposed class:

**Claim (1)**: Plaintiffs allege criminal profiteering, pursuant to Wash. Rev. Code §§ 9A.82.100 and 9A.82.080, with predicate acts, including for false health care claims, pursuant to Wash. Rev. Code §§ 48.80.030 and 9A.08.020; money laundering, pursuant to Wash. Rev. Code §§ 9A.83.020(1)(a)&(b), 9A.83.020(5), and 9A.08.020; theft by deception, pursuant to Wash. Rev. Code §§ 9A.56.030, 9A.56.040, and 9A.08.020; Plaintiffs also generally allege, as it relates to Claim (1), Defendants engaged in a pattern of profiteering with several enterprises, and the acts and omissions involved in the scheme were the direct and proximate cause of Plaintiffs' injuries. For Claim (1), Plaintiffs seek actual damages, treble damages, a civil penalty of $25,000, injunctive relief, equitable relief, disgorgement, forfeiture relief, and costs and attorneys' fees.

**Claim (2)**: Plaintiffs allege negligence and negligent misrepresentation, in violation of the common law and Wash. Rev. Code § 70.41.210. They seek related damages.

**Claim (3)**: Plaintiffs allege Defendants violated the Consumer Protection Act, Wash. Rev. Code § 19.86, for deceptive or unfair practices in engaging in their medical services. They seek related damages.

**Claim (4)**: Plaintiffs allege medical negligence, in violation of Wash. Rev. Code §§ 7.70 and 4.24. They seek related damages.

Plaintiffs also generally allege a lack of consent or informed consent; corporate negligence; that Defendants deprived Plaintiffs of their opportunity to discover the factual bases for the causes in violation of the discovery rule; a breach of fiduciary duty, fraud, and/or misrepresentation; negligent infliction of emotional distress and outrage; loss of consortium; wrongful death or survivor actions; vicarious liability; negligence *per se*; *res ipsa loquitur*; unjust enrichment; disgorgement; waiver of physician-patient privilege.

For the fraud claims, Plaintiffs allege Defendants fraudulently conducted

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 3

spinal surgeries on Plaintiffs because the surgeries were medically unnecessary, and Defendant Providence was providing financial incentives to Drs. Dreyer and Elskens to conduct the surgeries regardless of patient safety, medical need, and ethical and legal responsibilities. These surgeries resulted in the individual harms suffered by each named Plaintiff.

Caroline Angulo alleges she struggles with the inability to speak and constant pain after two medically unnecessary cervical spine surgeries after relying on the medical advice of both Drs. Dreyer and Elskens.

Eric Keller alleges he suffers constant groin pain, difficulty walking and sleeping, muscle lockups that cause him to be bedridden for days, and other harms as a result of a two medically unnecessary lumbar spine surgeries after relying on the medical advice of Dr. Dreyer.

Eben Nesje alleges he suffers Failed Back Syndrome, constant low back pain, difficulty walking and sleeping, and more as a result of an unnecessary back surgery performed after relying on the medical advice of Dr. Dreyer.

Kirk Summers alleges he suffers constant pain and discomfort, difficulty walking, an inability to sleep, difficulty sitting or standing, and more after two cervical spine surgeries after relying on the medical advice of Dr. Dreyer.

Christine Bash alleges her husband Steven Bash suffered chronic debilitating pain requiring narcotics and a poor quality of life and stress after three surgeries involving microdiscectomies of his spine and a laminectomy—including a surgery to replace a broken screw—all in relying on the medical advice of Dr. Dreyer. He died at the age of 51 from a heart attack two years after the third surgery.

Raymond Sumerlin, Jr., alleges he suffers pain from a permanent divot in the back of his neck, daily pain, difficulty with choking and swallowing, all as a result of three medically unnecessary cervical surgeries conducted in reliance on the advice of Dr. Dreyer.

Martin Whitney alleges he suffers limited mobility, is mostly bedridden,

requires a scooter or cane to walk, and suffers chronic pain as a result of three spinal surgeries conducted on the reliance of the medical advice of Dr. Dreyer.

Further, and for all claims, Plaintiffs plan to seek class certification; a finding of liability; actual damages; civil penalties; injunctive and remedial relief; costs and fees; a forfeiture money judgment; compensatory damages; restitution; disgorgement; prejudgment and post judgment interest; and notice to the doctors' patients regarding their treatment and possible future care needed as a result.

The two proposed classes of plaintiffs in a class action are:

> **(1) Providence Class:** All surgical patients of the Doctors at Providence who were subject to the RVU compensation scheme in connection with their treatment.

> **(2) MultiCare Class:** All surgical patients of Dr. Jason A. Dreyer, DO, while he was employed in Spokane, Washington, by MultiCare Health Systems, from May 3, 2019, through November 18, 2021.

For the Providence Class, Plaintiffs allege the doctors had roughly 1,750 patients, which amounts to the same number of class members. For the MultiCare Class, Plaintiffs allege roughly 475 surgical patients for Dr. Dreyer, and thus 475 class members.

The issues allegedly arise from a March 17, 2022, settlement agreement in a *qui tam* False Claims Act action between Defendant Providence, the United States, and the State of Washington. Providence agreed to pay the government $22,690,458, with $10,459,388 earmarked as restitution, to resolve allegations that the hospital fraudulently billed federal and state health care programs for surgeries performed by Drs. Dreyer and Elskens at Providence St. Mary Medical Center in Walla Walla, Washington. Both doctors resigned in the face of Washington Department of Health administrative investigations. But Dr. Dreyer started

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 5**

practicing again at MultiCare Health System in Spokane, Washington.[2]

In the settlement agreement, the parties stipulated that between July 1, 2013, and November 13, 2018, Providence submitted claims and accepted reimbursement from federal and state health care programs for neurosurgery and other services at Providence St. Mary; that Providence employed Dr. Dreyer during that entire time period and Dr. Elskens between November 2015 and May 2017; that Providence paid the neurosurgeons in such a way as to encourage higher complexity surgeries resulting in higher compensation; that Providence received and noted concerns about the doctors' procedures and their medical necessity; that Dr. Elskens was placed on administrative leave in February 2017 and resigned in May 2017; that Dr. Dreyer was placed on administrative leave in May 2018 and resigned in November 2018; and that Providence did not report either doctor to the National Practitioner Data Bank or Department of Health.

Providence did not admit to liability in the settlement agreement, though the United States and State of Washington found they had claims against Providence for false claims and failure to take appropriate action with regards to the doctors' actions.

## II.   DEFENDANT PROVIDENCE'S MOTION TO DISMISS

### A.   Motion Standard

Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed unless it appears beyond doubt the plaintiff can prove no set of facts in support of their claim that would entitle them to relief. *Hydranautics v. FilmTec Corp.*, 70 F.3d 533, 535–36 (9th Cir. 1995). On a motion to dismiss, all well-pleaded allegations

---

[2] MultiCare Health Systems is not a defendant in this matter. Plaintiffs assert in their Fifth Amended Complaint that Providence is responsible for any surgeries performed by Dr. Dreyer in Spokane at MultiCare because it failed to report his actions.

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 6

of material fact are taken as true and construed in a light most favorable to the non-moving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998).

Rule 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy this requirement, a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In evaluating whether a complaint states a plausible claim for relief, courts rely on "judicial experience and common sense" to determine whether the factual allegations, which are assumed to be true, "plausibly give rise to an entitlement to relief." *Id.* at 679. It is not enough that a claim for relief be merely "possible" or "conceivable;" but "plausible on its face." *Id.* at 662.

Further, the pleading standard is more demanding when a party alleges fraud or mistake because the party must "state with particularity the circumstances constituting fraud or mistake," although "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b); *United States v. Corinthian Colleges*, 655 F.3d 984, 996 (9th Cir. 2011). Conclusory allegations of fraud and broad allegations that include no particularized supporting detail are insufficient. *Id.*

Rule 9(b) imposes a heightened requirement so the fraud defendant can prepare an adequate answer to the allegations. *See In re Gilead Sci. Sec. Lit.*, 536 F.3d at 1056. To satisfy Rule 9(b), a plaintiff must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** ~ 7

about the purportedly fraudulent statement, and why it is false." *United States ex rel. Anita Silingo v. WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (quotations omitted). The complaint must provide sufficient details to give a defendant sufficient notice of a plaintiff's theory and to give a district court some assurance that the theory has a basis in fact. *Id.*

Additionally, Rule 9 serves "to deter the filing of complaints as a pretext for the discovery of unknown wrongs, shield defendants from the harm that comes from being the subject of fraud charges and prohibit plaintiffs from unilaterally imposing upon the court, the parties and society enormous social and economic costs absent some factual basis." *Bly-Magee v. Calif.*, 236 F.3d 1014, 1019 (9th Cir. 2001). "Notably, Rule 9(b) requires only that the *circumstances of fraud* be stated with particularity; other facts may be plead generally, or in accordance with Rule 8." *Corinthian Colleges*, 655 F.3d at 992 (emphasis in original).

**B.     Analysis**

Defendant Providence argues in its Motion to Dismiss that: (1) Wash. Rev. Code § 7.70 for Actions for Injuries Resulting from Health Care provides for an exclusive cause of action for damages for injuries as a result of health care, which means only Plaintiffs' medical negligence claims can survive; and (2) Plaintiffs' fraud claims fail to meet the heightened Rule 9(b) standard for particularity. Defendant Providence also argues (3) Plaintiffs' class allegations are impermissibly overbroad and should be stricken entirely, an argument that the Court will address as a separate motion below.

    **1.     Wash. Rev. Code § 7.70**

Wash. Rev. Code § 7.70 narrows the procedure for recovery in tort cases involving "injury occurring as a result of health care," but it does not abridge the right to a jury trial for a tort or contract claim arising from a health care incident. Wash. Rev. Code §§ 7.70.010 and 7.70.120. A plaintiff must establish by a preponderance of the evidence one or more of the following:

ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 8

> (1) That injury resulted from the failure of a health care provider to follow the accepted standard of care;
> (2) That a health care provider promised the patient or his or her representative that the injury suffered would not occur;
> (3) That injury resulted from health care to which the patient or his or her representative did not consent.

Wash. Rev. Code § 7.70.030.

Though the term "health care" is not defined by the statute, Washington State courts have defined it as "the process in which [a physician is] utilizing the skills which he had been taught in examining, diagnosing, treating or caring for the plaintiff as his patient." *Branom v. State*, 94 Wash. App. 964, 969–70 (1999) (citations omitted).

Plaintiffs allege in their first cause of action that Defendants violated Wash. Rev. Code § 9A.82.100 by an act of criminal profiteering for engaging in a pattern of conducting unnecessary surgeries and fraud for profit, including the listed "Predicate Acts" for False Health Care Claims, Money Laundering, and Theft by Deception. Defendant Providence argues that because the injury was a result of a health care procedure and because Plaintiffs cannot satisfy the Wash. Rev. Code § 7.70.030 requirements, § 7.70 precludes recovery.

Further, in their second cause of action, Plaintiffs allege Negligence and Negligent Misrepresentation in violation of duties of care under the common law and Wash. Rev. Code § 70.41.210 for Defendants failure to report Drs. Dreyer and Elskens to the Washington Department of Health.

Finally, in their third cause of action, Plaintiffs allege violations of the Consumer Protection Act pursuant to Wash. Rev. Code § 19.86, for Defendants' engagement in unfair or deceptive practices.

The Court finds Plaintiffs' first, second, and third causes of action, including the listed "Predicate Acts" for False Health Care Claims, Money Laundering, and Theft by Deception, are plausible on their face. *See Landers*, 771 F.3d at 641.

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** ~ 9

Defendant Providence's allegation of preclusion by § 7.70 still faces questions of fact and law at this stage in the proceedings, making any ruling on the issue premature.

In their fourth cause of action, Plaintiffs allege Medical Negligence in violation of Wash. Rev. Code §§ 4.24 and 7.70, for the individual doctors' and Providence's failure to comply with the standard of care. In their fifth cause of action, Plaintiffs allege a lack of consent or informed consent. Both of these claims fall into one of the three categories that provide for recovery in Wash. Rev. Code § 7.70.030. As such, the claims are plausible on their face. *See Landers*, 771 F.3d at 641.

Plaintiffs also generally allege corporate negligence; breach of fiduciary duty, fraud, and misrepresentation; negligent infliction of emotional distress and outrage; loss of consortium; wrongful death and survivor actions; vicarious liability; negligence per se; res ipsa loquitur; unjust enrichment; and disgorgement. The Court finds these allegations related to the main causes of action and as such are plausibly alleged at this stage.

### 2. Fraud Allegations and Rule 9(b)

Washington State courts considers nine elements when evaluating a fraud claim: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wash. 2d 486, 505 (1996).

Plaintiffs claim in the Fifth Amended Complaint that Defendants Providence and Drs. Dreyer and Elskens perpetuated fraud on them by conducting spinal surgeries that were either medically unnecessary or otherwise improperly initiated by Providence's financial incentives for Drs. Dreyer and Elskens. These fraudulent allegations stem from the False Claims Act case and subsequent settlement

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS ~ 10**

between Providence and the federal and state governments.

Plaintiffs detail the facts of each named Plaintiff—Ms. Angulo, Mr. Keller, Mr. Nesje, Mr. Summers, Mr. Bash, Mr. Sumerlin, Jr., and Mr. Whitney. They further plead enough facts to satisfy the basic elements required to bring a fraud allegation in Washington State and under federal Rule 9(b) standards—that Plaintiffs each relied on alleged false material statements made knowingly by the doctor Defendants and suffered harm as a result. Plaintiffs have given sufficient details to put the Defendants on notice of their theory of the alleged fraudulent conduct to satisfy the heightened pleading standard under Rule 9(b). *See WellPoint, Inc.*, 904 F.3d at 677. Plaintiffs have pled the circumstances of the alleged fraud with particularity. *See Corinthian Colleges*, 655 F.3d at 992.

In considering the pleadings in a light most favorable to the non-moving party, the Court finds Plaintiffs' Fifth Amended Complaint alleges sufficient facts to support plausible claims at this stage in the proceedings. Therefore, Defendant Providence's Motion to Dismiss is **denied**.

### III. DEFENDANT'S MOTION TO STRIKE CLASS ALLEGATIONS

#### A. Motion Standard

Fed. R. Civ. P. 12(f) allows a court to strike from a pleading "an insufficient defense [. . .] (1) on its own; or (2) on motion made by a party [. . .] ." Rule 12(f) functions to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). However, motions to strike under Rule 12(f) are "neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint." *Yamamoto v. Omiya*, 564 F.2d 1319, 1327 (9th Cir. 1977). "Rule 12(f) [. . .] does not authorize a district court to dismiss a claim for damages on the basis it is precluded as a matter of law." *Whittlestone*, 618 F.3d at 975.

Fed. R. Civ. P. 23(c)(1)(A) for class actions notes that a district court should

issue a certification order "[a]t an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(d)(1)(D) allows a district court to "require that the pleadings be amended to eliminate allegations about representation of absent persons."

**B.    Analysis**

Motions to strike under Rule 12(f) are designed to get rid of insufficient defenses. District courts are not authorized to dismiss a claim on a motion to strike even if it is precluded as a matter of law, which Defendant Providence acknowledges.

Under Rule 23 for class actions, the Court can consider class certification at the pleading stage and should do so at "an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). However, the Court declines to rule on the issue of certification at this stage, particularly because a motion to certify has yet to be filed for the operative Fifth Amended Complaint, and thus there is a lack of complete briefing specific to the issue. As such, the Court **denies** the Motion to Strike Class Allegations.

In a previous ruling, ECF No. 257, the Court vacated the briefing deadline for Plaintiffs to file a motion to certify to consider the pending Motion to Dismiss and Plaintiffs' Fifth Amended Complaint, ECF No. 224. The Court now requests the parties submit a joint status report with a proposed briefing schedule for consideration of class certification.

Further, the Court has considered Defendant Providence's allegations regarding Plaintiffs' counsel and the Rule 23(a)(4) competency of representation standards for class actions. At this time, the Court finds any disqualification of Plaintiffs' counsel pursuant to the Rule 23(a)(4) standards unnecessary.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant Providence's Motion to Dismiss and Motion to Strike Class Allegations, ECF No. 229, is **DENIED**.

//

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** ~ 12

2. The parties shall submit **a joint status report** with a proposed briefing schedule for consideration of class certification on or before **May 15, 2025**.

3. Plaintiffs' Surreply Motion to Strike, ECF No. 260, is **DISMISSED as moot**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 1st day of May 2025.



Stanley A. Bastian
Chief United States District Judge

**ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE CLASS ALLEGATIONS** ~ 13