William A. Gilbert, WSBA #30592
Gilbert Law Firm, P.S.
421 W. Riverside Ave, Suite 1400
Spokane, WA  99201
T: 509·321·0750
F: 509·343·3315
E: bill@wagilbert.com
Attorney for Plaintiffs

The Honorable Stanley A. Bastian

UNITED STATES DISTRICT COURT OF THE WESTERN
DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| CAROLINE ANGULO, *et al*,<br><br>Plaintiffs.<br><br>v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, *et. al*,<br><br>Defendants. | NO.  4:25-cv-05029-SAB<br><br>**PLAINTIFFS' MOTION RE: SEALING PORTIONS OF THE SIXTH AMENDED COMPLAINT**<br><br>7/23/2025<br>Without Oral Argument |

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 1 OF 13

G<small>ILBERT</small> L<small>AW</small> F<small>IRM</small>, P.S.
421 W. R<small>IVERSIDE</small>, S<small>TE</small> 1400
S<small>POKANE</small>, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

Plaintiffs hereby files this Motion at the request of Providence to file under seal portions of the Sixth Amended Complaint to permit the parties – defendants in particular – to address sealing issues. Plaintiffs' position is that none of the marked material requires sealing. It is also Plaintiffs' position, however, that these portions of the Sixth Amended Complaint should remain under seal pending resolution of this Motion so that the parties are able to present the issues fully.

It is Plaintiffs' understanding that Providence seeks to seal nine sentences[1] of the Sixth Amended Complaint on the basis that the information contained therein was taken from documents or depositions designated confidential in *Palmer v. MultiCare/Providence*, Spokane County Case No. 21-2-01299-32, and therefore cannot be used here, presumably as allegedly violative of that protective order.[2]

Providence is incorrect on each assertion.

As to the *Palmer* order: Plaintiffs have briefed the history of this issue before, ECF 233:9-14, and have noted that Providence itself has agreed that the language in the *Palmer* protective order (regarding a party having an "interest") would specifically allow for sharing of information in related cases, regardless of whether the party to that type of protective order is a party in the related case. *See* ECF233:11, fn. 3 (in context of Providence arguing against such language in *Angulo*).

---

[1] *See* ¶¶ 1.8, 1.9, 1.18, 1.23, 1.31, and 4.14 (on pp. 5, 6, 10, 13, 16, 17 & 31). Plaintiffs have filed a publicly-redacted SAC and one under seal, with redactions disclosed.

[2] Providence cites to protective orders in "other cases," but Plaintiffs understand all referenced information was obtained from *Palmer* discovery. *Bollinger Decl.*, ¶ 4.

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 2 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

To the extent Providence intends to resurrect this issue from last September (a statement made yesterday by Providence counsel, *see* Bollinger Decl., ¶6), that issue – which is not properly before this Court – has been, at minimum, waived. Providence had every opportunity to raise this issue with the Discovery Master in *Palmer*, and was invited to do so, but did not. To the extent that Providence is "still considering" whether to raise this as a motion of a violation in *Palmer* nine months later, *id.*, the issue has been waived. This is especially so because all of Providence's actions thus far have indicated that Providence has relinquished this meritless claim. *See* ECF 233:9-14 (explaining the history and the open invitation to file a motion or hold a conference with the *Palmer* discovery master, which did not take place); 207:2 (asking *Angulo* Court to seal documents while Providence "evaluates whether" to bring motions in other cases re: potential violations of orders, promising to "update" the Court with any outcomes – no motions have been filed and no updates have been made); *Bollinger Decl.* at ¶¶7-9, Exh. A (Providence registered no objection in November 2024 to the sharing of *Palmer* discovery in *Angulo*, indicating agreement). *See e.g., Reynolds Metal Co. v. Elec. Smith Constr. & Equip. Co.,* 4 Wn. App. 695, 700, 483 P.2d 880 (1971) (contract provisions may be waived expressly or may be implied from the acts of the parties).[3]

---

[3] Stipulated protective orders are akin to contracts but are not private contracts if signed by the Court. *See A.G. v. Corp. of the Catholic Archbishop of Seattle*, 162 Wn. App. 16, 22, 271 P.3d 249 (2011).

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS OF SIXTH AMENDED COMPLAINT
PAGE 3 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

In any case, the *Palmer* protective order speaks for itself and allows this kind of sharing of information. As described in Plaintiff counsel's uncontested declaration filed December 13, 2024, the *Palmer* protective order, entered April 2023, initially between MultiCare, Dr. Dreyer, and the *Palmer* plaintiffs (with the Gilbert Law Firm as counsel), was designed so that confidentiality designations would not interfere with the parties' ability to litigate collaterally between various cases. ECF 233:10, ¶34. The protective order specifically allowed discovery in cases where "parties have an interest," which included the proposed class action filed by the Gilbert Law Firm against MultiCare (*Rae v. MultiCare et. al*, Spokane County Case No. 23-2-01703-32), even though Dr. Palmer, for example, was not an actual party in that case. Discovery in *Palmer* is routinely shared in the *Rae* proposed class action, just as the sharing agreement was designed to allow.

After Providence was joined in *Palmer* in June 2023, Providence counsel (Ms. Oetter and Mr. Siler, who were also Providence attorneys in *Angulo*) signed that stipulated protective without asking for modifications. ECF 233:11; *Bollinger Decl.*, ¶ 10, Exh. B (dated 7/31/2023). The language about allowing the use of information between cases in which Dr. Palmer has an "interest," (*id.*, p. 2) took on specific meaning since Dr. Palmer, a 2020 MultiCare/Dreyer patient, raises the same or similar issues against Providence that are raised in *Angulo* for MultiCare patients, both named and unknown, and thus has an "interest" in how *Angulo* is prosecuted.

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS OF SIXTH AMENDED COMPLAINT
PAGE 4 OF 13

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

And Providence counsel signing the *Palmer* order understood the import of that "interest" language. Indeed, Providence specifically argued to exclude this kind of "interest" language in the *Angulo* stipulated protective order on the ground that Plaintiffs would then be allowed to share confidential discovery in other cases even if Plaintiffs were not parties to that related action. Per Providence:

> Plaintiffs improperly seek to broaden the use of confidential material to unspecified "actions pending wherein the parties of this action have an interest." Providence requests that the Court decline to adopt Plaintiffs' proposed revision and prohibit the use of confidential material disclosed or produced in this case to other litigation in which Plaintiffs may not be parties but vaguely claim they "have an interest."

ECF 67:5 (cited in 233:11, fn. 3).

The *Angulo* Court (the Honorable James Robart at the time) agreed with Providence, not adopting the suggested "interest" language in *Angulo*, ECF 72:4:

> The court agrees with Providence and declines to enter an order allowing any party to use this discovery in collateral or subsequent proceedings, or for any reason other than the present litigation.

Providence's objection (ECF 67:5) is dated March 24, 2023 – four months **_before_** Providence's same lawyers signed the ***Palmer*** protective order, which uses this "interest" term. Thus, Providence cannot claim that it was not on notice about the import of *Palmer*'s "interest" language, or that it signed the *Palmer* order without understanding the import of it. In turn, that "interest" language allows *Palmer* confidential discovery to be used in *Angulo*, given the interest the Palmers have in *Angulo*'s prosecution. Providence cannot object to the sharing of Palmer discovery marked confidential here; it was the intended outcome.

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 5 OF 13

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

To the extent that Providence asserts that the Gilbert Law Firm has violated the *Palmer* protective order (a position contrary to their stated position in this case in 2023 regarding the import of the language used in that *Palmer* order that allows for sharing in collateral cases – and which has been waived), that is an issue that should have been brought in the first instance before the ***Palmer*** Court, not here, since courts do not typically enforce other courts' protective orders:

> [C]ourts typically refrain from enforcing protective orders issued by other courts. *See, e.g., Runyon v. Bostik Inc.,* 2017 WL 5988019, at *4 (C.D. Cal. Mar. 28, 2017) ("[T]he Court will not enforce a protective order issued by another judge, in a different case, in a separate judicial district.... The proper place to bring this potential violation … is to the Court that issued the protective order."); *see also Minerals Dev. & Supply Co. v. Hunton & Williams, LLP,* 2011 WL 4585321, at *13 (W.D. Wis. Sept. 30, 2011), aff'd, 488 F. App'x 153 (7th Cir. 2012) (dismissing claim for breach of protective order on the alternative ground that "this court would still abstain from enforcing a protective order entered in another forum"); *cf. NexGen HBM, Inc. v. ListReports, Inc.,* 2018 WL 6438572, at *1 (C.D. Cal. Sept. 6, 2018) (denying request to "override another court's protective order in a parallel proceeding" on the ground that the "proper recourse is first to seek relief from the court in the parallel proceeding").

*Beebe v. Nutribullet, L.L.C.,* 2019 WL 4261876, at *9 (C.D. Cal. July 3, 2019).

The overarching fact, however, is that Providence has steadfastly refused discovery in this case for years, which means that the protective order in this case remains virtually unused and unviolated, and it serves as no source for the factual allegations of the Amended Complaints. This is why Providence seeks to invoke protective orders from other courts. Ultimately the issue is whether there is a reason to keep confidential the information marked by Providence in *Palmer* as such. Of note is the fact that Providence has marked everything in *Palmer* as confidential,

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 6 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

including all briefings (and such motion for protective order was denied by the *Palmer* Court, with leave to file specific requests for filing under seal, an invitation that Providence has not exercised). *See Bollinger Decl.*, ¶¶ 11-12, Exh. C.

The law is clear: The narrow issue is whether a party shows a "compelling reason" to seal language or documents to overcome the "strong presumption" of public access to court records. *Ctr. Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016).[4] "A failure to meet that burden means that the record will be filed in public." *Edifecs, inc. v. Welltok, Inc.*, 2020 WL 128568, *1 (W.D. Wash. Jan. 10. 2020). Blanket, conclusory allegations of harm are inadequate. *Bluetooth SIG, Inc. v. FCA US LLC*, 2020 WL 2063561, *2 (W.D. Wash. April 29, 2020); *Baxter Int'l Inc. v. Abbott Laboratories*, 297 F.3d 544, 547 (7th Cir. 2002). "A party's designation of a document as confidential under a protective order does not provide a compelling reason to seal it." *RealD Spark, LLC v. Microsoft Corp.*, 2023 WL 8020171, *2 (W.D. Wash. Nov. 23, 2023) (citing *ImprimisRx, LLC v.*

---

[4] No compelling reasons have been or could be identified by Providence: "'compelling reasons' to seal exist when 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Ingram v. Pac. Gas & Elec. Co.*, 2013 WL 5340697, at *2 (N.D. Cal. Sept. 24, 2013) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)).

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 7 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

*OSRX, Inc.*, 2023 WL 7029210, at *4 (S.D. Cal. Oct. 24, 2023) ("designation as 'confidential' or 'for attorneys' eyes only' ... does not provide a compelling reason that justifies sealing."). More fundamentally, Providence's hypothetical suggestion that another court's protective order may be violated should fail both for a lack of jurisdiction to supervise other courts, and lack of a factual predicate violation of another court's protective order. It is Providence's burden to prove a compelling basis for sealing on this still hypothetical ground, *RealD Spark,* 2023 WL 8020171, *1 (complaint subject to this standard). Providence continues to fail to do so, nine months after it sought additional time to make a decision, ECF 207:2, and is back to stating it may be an issue. *Cf. Ina v. CV Sciences, Inc.,* 2021 WL 3008994, *3 (D. Nev. July 21, 2021) (trial court adopting magistrate ruling that a party's failure to timely seek protective order waived claim several months after disclosure).

Here, Providence does not claim harm but a procedural obstacle (that Palmer documents are confidential and cannot be shared here), but that is not an obstacle at all (given the language in the *Palmer* order), nor has it been brought to the *Palmer* Court, all while Providence accepts production in this case of *Palmer* discovery.

Indeed, the sharing of information in collateral cases is not just approved by Washington State (*see A.G., supra*) or in the various Dreyer cases (for example, all discovery in two Eastern District of Washington Providence/Dreyer cases[5] was ordered produced in Palmer (*Bollinger Decl.*, ¶ 13, Exh. D), but there is Ninth Circuit

---

[5] They are *Estes v. Providence*, 21-cv-5042-TOR (E.D. Wash.) and *Batten v. Providence,* 21-cv-00097-TOR (E.D. Wash.).

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS OF SIXTH AMENDED COMPLAINT
PAGE 8 OF 13

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

precedent to allow for this kind of sharing. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131-32 (9th Cir. 2003) ("This court strongly favors access to discovery materials to meet the needs of parties engaged in collateral litigation."). In that case, in the context of amending a protective order, the Ninth Circuit held:

> Allowing the fruits of one litigation to facilitate preparation in other cases advances the interests of judicial economy by avoiding the wasteful duplication of discovery. [*Beckman Indus. V. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th Cir. 1992]; *United Nuclear [Corp. v. Cranford Ins.Co.]*, 905 F.2d [1424]at 1428 [10th Cir. 1990] (quoting and adopting the standard laid down by the Seventh Circuit in *Wilk [v. Am. Med. Ass'n]*, 635 F.2d [1295] at 1299 [(7th Cir. 1980)], "that where an appropriate modification of a protective order can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification."); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2044.1 (2d ed.1994). Where reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant material should generally be granted.

*Id.* In fact, this case was transferred from the Western District of Washington to the Eastern District specifically because the "interests of justice" would be best served for the case to benefit from the discovery work done by the federal courts in this district. ECF 269:4-5. That "best interests" principle should apply here.

And just having a "confidential" designation does not result in redaction. *See Reald Spark, LLC v. Microsoft Corp.*, 2023 WL 8020171, *2 (W.D. Wash. Nov. 23, 2023)(confidential designation under protective order not reason for sealing); *Ingram v. PG&E*, 2013 WL 5340697, *4 (N.D. Cal. Sept. 24, 2013) (confidentiality

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS OF SIXTH AMENDED COMPLAINT
PAGE 9 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

designation under protective order "not determinative, nor necessarily even helpful, on the question of whether that document should be filed under seal")("One has nothing to do with the other")).

After nine months of complaining about use of Palmer discovery without any affirmative action taken in *Palmer*, and with the allowing of discovery to be shared from *Palmer* to *Angulo* as the *Palmer* protective order intended – and after having a copy of the Sixth Amended Complaint draft since May 12, 2025 – Providence still cannot muster a claim, much less sustain its burden to prove a compelling basis for sealing these nine sentences.

Providence is free to identify reasons why these nine sentences must remain filed under seal, and Plaintiffs will respond appropriately in reply. Thus far, the reason given is that they come from discovery produced in Palmer and marked there as confidential which, as the above briefing shows, does not sustain the sealing request. Plaintiffs reserve the right to respond in reply to any other reason Providence may give regarding its request to seal.

Plaintiffs note examples of requested redactions where the topic is discussed publicly. For example, "HI-PHIVE Team" and "concierge" terms (the topic of ¶1.8) are referenced in briefing as related to "selected high-RVU employees…" ECF 232:17 (with Providence both not seeking redaction and also providing the referenced discovery requests in its response, *see* ECF 242:57-56, 112 (providing Rule 30(b)(6)(topic). Another example: Dr. Yam's position on fraud (¶1.18) is also outlined in Exhibit 6 of the Fifth Amended Complaint, is a 40-page document from

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS OF SIXTH AMENDED COMPLAINT
PAGE 10 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

the DOJ to MultiCare in February 2020 indicating how Dr. Yam had detailed fraud and safety concerns, including involvement of 80 percent of Dr. Dreyer's patients, and is referenced in both the FAC and the Sixth Amended Complaint (SAC) (*see e.g.*, ¶¶ 4.62 – 4.67).[6] Another example: Dr. Dreyer's productivity rates (¶1.9) which can be deduced via publicly available tax returns for Providence and MultiCare, as well the DOJ's *qui tam* complaint against MultiCare, cited in the SAC, *see* ¶1.35, as alleging Dr. Dreyer earning in the 95th to 99th percentile at MultiCare, when it is publicly known that Dr. Dreyer earned less money at MultiCare than at Providence.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court:

(a) Hold in abeyance any decision about unsealing the nine sentences that have been redacted from the Sixth Amended Complaint at Providence's request until briefing is completed with regard to this Motion; and

(b) After briefing is complete on this motion, order the Sixth Amended Complaint to be unsealed in its entirety (and Plaintiffs reserve the right to amend this request after receiving Providence's response to this Motion and/or after further discussions with Providence).

---

[6] Plaintiffs also note that, since this briefing comes in the opposite order (with Plaintiffs' Motion filed first and Providence's response – which would normally be the motion – coming after), Plaintiffs reserve the right to seek additional pages in reply so that full briefing may occur for the court's consideration of this issue.

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 11 OF 13

GILBERT LAW FIRM, P.S.
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

DATED: June 23, 2025

GILBERT LAW FIRM, P.S.
Attorneys for Plaintiffs

*s/William A. Gilbert*
WILLIAM A. GILBERT, WSBA # 30592
BETH BOLLINGER, WSBA #26645
ASHLEY RICHARDS, WSBA #33047
421 W. Riverside Ave., Ste. 1400
Spokane, WA 99201
Telephone: 509-321-0750
Fax: 509-343-3315
Email:    bill@wagilbert.com
         beth@wagilbert.com
         ashley@wagilbert.com


LANKFORD & REED, P.L.L.C
Attorneys for Plaintiffs

TERRANCE G. REED, *Pro Hac Vice*
1210 N. Saint Asaph St.
Alexandria, VA 22314
Telephone: 703-299-5000; Fax: 703-299-8876; Email: tgreed@lrfirm.net

LANGROCK SPERRY & WOOL LLP
Attorneys for Plaintiffs

Peter F. Langrock, *Pro Hac Vice*
111 South Pleasant St.
Middlebury, VT 05753
Telephone: 802-388-6356; Fax: 802-388-6149; Email: plangrock@langrock.com

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS OF SIXTH AMENDED COMPLAINT
PAGE 12 OF 13

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I had the foregoing electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to those attorneys of record registered on the CM/ECF system. All other parties (if any) shall be served in accordance with the Federal Rules of Civil Procedure.

DATED this 23rd day of June 2025.

*/s/ RM Cook*
_____
RACHEL COOK

NO. 25-CV-05029-SAB
PLAINTIFFS' MOTION FOR SEALING PORTIONS
OF SIXTH AMENDED COMPLAINT
PAGE 13 OF 13

**GILBERT LAW FIRM, P.S.**
421 W. RIVERSIDE, STE 1400
SPOKANE, WA 99201
T: (509) 321-0750 • F: (509) 343-3315